Josephine Vivenzio, Administratrix (Estate of Guiseppe Vivenzio) *v.* Annie P. Heller.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued October 6—decided November 30, 1944.

*Charles Albom,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellant (plaintiff).

*Robert B. Vining,* with whom, on the brief, was *David M. Reilly,* for the appellee (defendant).

Per Curiam. Plaintiff's intestate left a second-floor apartment after making a call on the tenant at or shortly after sunset. Immediately thereafter the tenants of both the first and second floors heard a loud noise and the plaintiff's intestate was found, unconscious, at the foot of the stairs. He died as a result of the injuries received. The house belonged to the defendant. The plaintiff claimed that the stairs were defective and dark, that the defendant was negligent and that her negligence caused the death. The defendant claimed the stairs were reasonably safe and sufficiently illuminated. The assignments of error pursued in the plaintiff's brief relate solely to the charge.

No one saw the plaintiff's intestate fall and the plaintiff was obliged to rely on circumstantial evidence to prove her case. She filed a written request to charge

to the effect that the jury might draw conclusions and inferences from the evidence as to the existence of facts as to which there was no direct testimony. An examination of the charge shows that, far from being "ambiguous, equivocal and unintelligible," as was stated in oral argument, it was direct, clear and complete. The trial court varied the phraseology of the request slightly but substantially complied with it. Its failure to mention the fact that there was no direct testimony as to the cause of the fall was not harmful in view of the full charge on the power of the jury to draw inferences. Had the point in question been covered by direct testimony, there would have been no occasion for a charge on inferences. Furthermore, at the close of the charge, in the absence of the jury, the trial court, when plaintiff's attorneys questioned the charge in two respects, repeated the portion of it dealing with this matter and one of the plaintiff's attorneys said: "All right, your honor."

The other assignments of error pursued in the brief are covered neither by written requests to charge nor by oral exceptions thereto and do not require consideration. Practice Book § 156.

There is no error.