VALENTINE J. E. WRIGHT, SR. *v.* COE AND ANDERSON, INC.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

146

Argued December 8, 1967—decided February 9, 1968

*William W. Sprague* and *John R. Fitzgerald,* for the appellant (defendant).

*William J. Secor, Jr.,* with whom, on the brief, were *Donald McPartland* and *John H. Cassidy, Jr.,* for the appellee (plaintiff).

COVELLO, J.  The plaintiff brought this action to recover damages for personal injuries alleged to have been sustained by him when a ditch in which he was working caved in on him.  The jury returned a verdict for the plaintiff, and from the judgment rendered thereon the defendant has appealed.

The plaintiff claimed to have proved the following facts:  On April 1, 1964, the plaintiff was an employee of Hirsch Brothers, Inc., hereinafter referred to as Hirsch, which had contracted with Wykeham Rise School for Girls to construct and repair buildings on the school property.  Hirsch hired the plaintiff in September, 1963, and assigned him to the Wykeham Rise School job in October, 1963.  His duties included helping with demolition, form work and footings, and assisting electricians and plumbers.

Hirsch subcontracted to the defendant the excavation work on the Wykeham Rise School job.  The defendant commenced that work late in the fall of 1963, using its own equipment.  The work included digging and backfilling a trench from the school's

dormitory to the administration building, a distance of 200 to 300 feet, for the purpose of laying conduits and a water main between the two buildings. The defendant's work did not include the actual laying of the conduits and water main. The agreement between Hirsch and the defendant was that, if in the opinion of the defendant supports or shoring was needed to brace the sides of the ditch in question, the defendant was to notify Hirsch of the need, and Hirsch would then have its carpenters instal the shoring and supports necessary.

On April 1, 1964, Frank Rinaldi, a backhoe operator employed by the defendant, commenced digging the ditch. He dug a section approximately thirty feet long, seven feet wide at the top and four and one-half feet deep. After this section of the ditch was dug, the plaintiff and three other Hirsch employees placed conduits in it, fastened them together and pulled the necessary wires through the conduits. While they were so engaged, Rinaldi did not operate the backhoe. After the plaintiff and the other Hirsch employees completed their work, Rinaldi dug a second thirty-foot section, and the plaintiff and the other Hirsch employees performed the same work as they had done in the first section. After the Hirsch employees completed their work in the second section, Rinaldi dug a third thirty-foot section, which was about six feet deep. The surface of the ground adjacent to each side of the third section was damp, muddy and sloppy, water seeped into the ditch from its sides, and the floor of the ditch was muddy and contained water. Theodore J. Anderson, the defendant's supervisor, saw the third section of the trench and directed Rinaldi to dig a lateral trench leading out of the third section in order to drain the water from it.

The plaintiff and the other Hirsch employees finished their work in the third section at noontime and stopped for lunch. They returned at 12:30 p.m. and entered a fourth section which had been excavated by Rinaldi. This section was approximately six feet deep, water was seeping through the sides, and the floor was wet and muddy. While the plaintiff was in this section of the ditch, a side of it caved in, causing him the injuries which are the basis of this action. At the time of the accident, Rinaldi was sitting on the backhoe, which was not in operation, about thirty to forty feet from the plaintiff.

The defendant has assigned as error the refusal of the court to include certain claims of proof in the finding. A finding in a case tried to the jury is merely a narrative of the facts claimed to have been proved by each side, made for the purpose of fairly presenting any claimed errors in the charge or rulings of the court. *Morgillo* v. *Evergreen Cemetery Assn.*, 152 Conn. 169, 172, 205 A.2d 368; *State* v. *Whiteside*, 148 Conn. 208, 214, 169 A.2d 260, cert. denied, 368 U.S. 830, 82 S. Ct. 52, 7 L. Ed. 2d 33. Where a party seeks additions to its own claims of proof in a case tried to the jury, the additions should be made if they are material and are supported by the evidence. *Phoenix Mutual Life Ins. Co.* v. *Brenckman*, 148 Conn. 391, 394, 171 A.2d 194. The finding is accordingly corrected by adding to it certain facts from the defendant's draft finding which we have included in our following statement of the defendant's claims of proof.

The finding as corrected discloses that the defendant claimed to have proved the following facts: The digging by the defendant was to be done under the supervision of Hirsch. The defendant was

expected to live up to the specifications in the contract between Hirsch and the trustees of Wykeham Rise School. The defendant had no authority to order Hirsch employees to do or not to do anything. Shoring was not included in the term "excavation work" as used by Hirsch. There was no arrangement with the defendant on shoring, and the defendant was not obligated to give notice of any need for shoring. If shoring had been ordered, Hirsch employees would have installed it. William L. Hirsch came to the ditch at different times during the day and inquired as to its progress. He was in the ditch ten minutes before the accident, and, although he noted it was muddy, he made no observations as to its safety. Rinaldi gave no orders or instructions to the plaintiff or to other Hirsch employees. Although the plaintiff knew before he entered the ditch that it was muddy and that water was seeping out of the ground, he never requested that the ditch be shored nor discussed shoring on April 1, 1964. During the morning, minor sections of the ditch walls had caved in. The cave-in which injured the plaintiff involved a section of earth four or five inches wide and three or four feet in length.

In addition to the assignment of error in the finding, the defendant assigns error in the refusal of the court to set aside the verdict, in rulings on evidence, in the refusal to charge as requested, in the charge as given, in granting the plaintiff's motion to amend his complaint, and in denying the defendant's motion to amend its answer by adding a third special defense.

The principal claim of the defendant is that it is not liable for the plaintiff's injuries because at the time they occurred Hirsch, and not the defendant, was in control of the ditch where the cave-in took

place. The established general rule is that where the owner of premises employs an independent contractor to perform work upon them, the contractor, and not the owner, is liable for any losses resulting from negligence in the performance of the work until such time as it has been completed, turned over to and accepted by the owner. *Trainor* v. *Frank Mercede & Sons, Inc.,* 152 Conn. 364, 368, 207 A.2d 54; *Mann* v. *Leake & Nelson Co.,* 132 Conn. 251, 254, 43 A.2d 461. After such acceptance, the contractor is ordinarily no longer liable. *Bogoratt* v. *Pratt & Whitney Aircraft Co.,* 114 Conn. 126, 142, 157 A. 860; see, generally, notes, 13 A.L.R.2d 191, 58 A.L.R.2d 865. The rule is also applicable to a subcontractor and a contractor. *Nuzzo* v. *Connecticut Steel Co.,* 147 Conn. 398, 400, 161 A.2d 791. Where the evidence on the question as to who had control of the area or instrumentality causing the injury is such that the mind of a fair and reasonable man could reach but one conclusion as to the identity of the person exercising control, the question is one for the court, but, if honest and reasonable men could fairly reach different conclusions on the question, the issue should properly go to the jury. *Trainor* v. *Frank Mercede & Sons, Inc.,* supra, 369.

The court charged the jury on the issues involved in the case, and the defendant took two exceptions to the charge as given by the court. The defendant assigns error in other portions of the charge, but we will consider only the portions to which exceptions were taken. The defendant's first exception was directed to the portion of the charge dealing with the foreseeability that harm may result if reasonable care is not exercised. In this respect the court charged the jury as follows: "The ultimate test of the existence of a duty to use care is found

in the foreseeability that harm may result if it is not exercised. The test is: would the ordinary man, in the defendant's position, knowing what it knew or should have known, anticipate that harm of the general nature of that suffered by the plaintiff was likely to result unless reasonable care was taken." This is a correct statement of the law. *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 499, 208 A.2d 748; *Worden* v. *Francis,* 148 Conn. 459, 465, 172 A.2d 196; *Borsoi* v. *Sparico,* 141 Conn. 366, 369, 106 A.2d 170. Indeed, the defendant does not claim that this statement is incorrect in law. Its claim is that, before the duty to exercise reasonable care arises, there must be proof of the existence of a relationship between the parties which gives rise to the duty. Before stating the rule on foreseeability of harm, the court charged the jury that the duty to exercise reasonable care arises when the activities of two persons come so in conjunction that failure to exercise reasonable care by one is likely to cause injury to the other. Thus, the court defined the circumstances under which the duty arises. *Borsoi* v. *Sparico,* supra, 370. When it is considered in conjunction with the claims of the parties and the charge as a whole, there existed a sufficient basis for the application of the rule to which the defendant took exception.

The defendant's second exception to the charge was based on, and limited to, the claim that the court instructed the jury that as a matter of law the defendant was in charge of the ditch and thus in control of it. After the exception was taken, the court recalled the jury and instructed it that it was for the jury to determine whether the defendant was in fact in charge of the excavation of the ditch. The defendant's attorney then stated that he had

no exception to the charge then given by the court, but he preserved his other exception to the charge relative to duty and foreseeability. Under the circumstances, the defendant may not on this appeal claim error based on the correctness of the court's charge on the question of control of the ditch. Practice Book §§ 249, 652; *Vivenzio* v. *Heller,* 131 Conn. 406, 407, 40 A.2d 194; see also *State* v. *Grimes,* 154 Conn. 314, 323, 228 A.2d 141.

The defendant assigns error in the refusal of the court to charge the jury in accordance with three requests to charge. Each of the first two requests was based on the assumption that all duties in regard to shoring were either on Hirsch or on the defendant. Neither request took into account the plaintiff's claim that the duties as to shoring were divided between Hirsch and the defendant, so that, although Hirsch was responsible for the actual construction of shoring, the defendant was obligated to notify Hirsch whenever in its opinion shoring was needed. Thus, both requests were inadequate, and the court did not err in refusing to charge in accordance with them.

The defendant's third request was that the court charge the jury that the defendant would not be liable for the absence of shoring unless the defendant, and not Hirsch, was in control of the ditch at the time of the accident. The request did not take into account the claim of the plaintiff that the agreement between the defendant and Hirsch was to the effect that if, in the defendant's opinion, supports or shoring was needed to brace the sides of the ditch, the defendant was to notify Hirsch of the need, and Hirsch would then instal the shoring and supports. Furthermore, this request was based on the assumption that either Hirsch or the defendant was in con-

trol of the ditch to the exclusion of the other at the time of the accident. To be entitled to recover, it was not necessary for the plaintiff to prove that the defendant was in control of the ditch to the exclusion of Hirsch. The defendant is liable to the plaintiff for negligence if the trier finds either that the defendant alone was in control of the ditch or that the defendant and Hirsch were both in control of it. *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 417, 207 A.2d 732; *Staples* v. *Bernabucci,* 119 Conn. 443, 448, 450, 177 A. 380. The defendant's request to charge did not take into account the probability, which is apparent from the claims of proof, that Hirsch and the defendant were both exercising control over the ditch at the time of the accident. Upon the claims of proof, the court properly refused to charge in accordance with this request.

The defendant assigns error in certain rulings on the admissibility of evidence. The defendant sought to introduce into evidence the contract between the school and Hirsch. The defendant claimed that the terms of that contract controlled the obligations between Hirsch and its subcontractors. The court excluded the contract. The controlling contract was the one entered into between Hirsch and the defendant. There was no dispute concerning the terms of this contract except as to whether the agreement between Hirsch and the defendant was to the effect that, if in the defendant's opinion supports or shoring was needed to brace the sides of the trench, the defendant would notify Hirsch of this need, and Hirsch would then instal the necessary shoring and supports. Nor was there any dispute as to whether the defendant was doing the work in accordance with the specifications of the contract between

Hirsch and the school. The court did not err in excluding the contract.

The other assigned error in the admissibility of evidence was the court's action in sustaining objections to questions asked of Howard Schiffres, a witness for the plaintiff, designed to elicit information as to shoring which was constructed in the trench after the accident. The defendant claimed that the evidence was admissible to establish who was in control of the ditch, under the rule of cases such as *Williams* v. *Milner Hotels Co.,* 130 Conn. 507, 510, 36 A.2d 20, which hold that evidence of repairs is admissible for the purpose of proving control. In the present case, the question is who was in control of the ditch at the time of the cave-in. The plaintiff and the defendant both agree that Hirsch was obligated to instal shoring whenever it was needed. Consequently, the fact that Hirsch installed shoring after the accident would have no probative value on the question of control of the ditch at the time of the cave-in, as Hirsch did what both the plaintiff and the defendant concede Hirsch was required to do in the execution of the contract with the defendant. The court properly sustained the objections to the questions.

The defendant assigns error in the allowance of an amendment to the complaint by the plaintiff during the trial and in the refusal of the court to permit the defendant to amend its answer to allege a third special defense. Under the statutes and rules of practice, the court may in its discretion, in a proper case, allow the filing of amendments to pleadings before, during and after trial. General Statutes § 52-130; Practice Book §§ 132, 134; *Thibault* v. *Frechette,* 135 Conn. 170, 173, 62 A.2d 863. The allowance of an amendment during the course of

trial lies within the sound discretion of the trial court. *Antonofsky* v. *Goldberg,* 144 Conn. 594, 598, 136 A.2d 338; *Yavis* v. *Sullivan,* 137 Conn. 253, 263, 76 A.2d 99. Our rules of practice further specifically provide that in all cases of any material variance between allegation and proof, an amendment may be permitted at any stage of the trial. Practice Book § 134. The amendment offered by the plaintiff and allowed by the court merely enlarged the specifications of negligence to conform more nearly to the proof which had been offered. The amendment did not inject into the case anything foreign to the issues in the original complaint, which required proof of facts which the defendant could not meet during the normal course of the trial. We cannot say that the trial court abused its discretion in allowing the amendment. Nor can we say that the court erred in refusing to permit the defendant to amend its answer during the trial by adding a third special defense. By the proposed amendment, the defendant attempted to set up the provisions of the Workmen's Compensation Act as a defense to this action. The amendment, if allowed, would have injected into the case a new issue which required evidence different in character from the evidence required to meet the issues already in the case. The plaintiff could not reasonably be expected to produce such evidence during the trial of the case. Furthermore, the amendment, if allowed, would not constitute a defense to the action. As between all persons in the mutual relationship of employer and employee who have accepted the provisions of the Workmen's Compensation Act, the right to obtain and the liability to pay compensation under the act is substituted for the common-law rights and liabilities otherwise existing between them to the exclu-

sion of the latter. *Hoard* v. *Sears Roebuck & Co.,* 122 Conn. 185, 188, 188 A. 269. We have consequently held that an employee of a subcontractor cannot sue the principal contractor at common law when the circumstances of the injury are such that the employee would have a right to recover workmen's compensation from the principal contractor. *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 614, 228 A.2d 149; *Gigliotti* v. *United Illuminating Co.,* 151 Conn. 114, 118, 193 A.2d 718; *Farrell* v. *L. G. DeFelice & Son, Inc.,* 132 Conn. 81, 89, 42 A.2d 697. In the case before us, the plaintiff was an employee of Hirsch. The defendant was a subcontractor of Hirsch. There did not exist between the plaintiff and the defendant any mutual relation of employer and employee such as would exempt the defendant from liability outside the terms of the Workmen's Compensation Act. *Wells* v. *Lavitt,* 115 Conn. 117, 122, 160 A. 617. Under the facts of the present case, the defendant would not be liable to the plaintiff under the provisions of the Workmen's Compensation Act, and it cannot successfully interpose the provisions of the act as a defense. In refusing to permit the defendant to amend its answer by adding a third special defense, the court did not abuse its discretion, as the proposed amendment did not constitute a defense to the action, and it was not timely offered.

Finally, we consider the defendant's claim that the verdict is not supported by the evidence. This claim is tested by the evidence set forth in the appendices to the briefs. *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 427, 216 A.2d 818. There was evidence from which the jury could have found the following facts: The defendant was employed as a subcontractor to dig

a ditch at the Wykeham Rise School and to back-
fill it after conduits and a water main were laid in
it. The ditch was being dug in thirty-foot sections
by Rinaldi, the defendant's backhoe operator, and
as each section was dug, the plaintiff and other
employees of Hirsch laid conduits in it. The bottom
of the third section was wet and muddy, and Ander-
son, a supervisor employed by the defendant,
ordered Rinaldi to dig a lateral trench to drain the
water from the third section. While the Hirsch
employees were having lunch, Rinaldi dug a fourth
section of the ditch. This section also had a wet
bottom and was very sloppy, with water seeping in
through the sides. The defendant did not notify
Hirsch that shoring was necessary, in accordance
with its agreement so to do. During the morning
there had been minor cave-ins prior to the accident
when dirt fell into the ditch. As the plaintiff was
working in the fourth section of the ditch, a portion
of the side of the ditch caved in on him. The sides
of the ditch had not been shored up, and the Hirsch
employees were not warned not to enter the ditch.
At the time of the accident, the backhoe was not in
operation, but Rinaldi was present at the site.
Anderson had observed the wet and muddy condi-
tion of the area through which the ditch was being
dug and knew that dampness on the sides or bottom
of the ditch was likely to cause it to cave in. The
jury could reasonably have concluded that at the
time of the accident the defendant, either alone or
jointly with Hirsch, was in control of the ditch; that
the defendant's employee while digging the ditch
had an opportunity to observe the condition of the
soil, the seepage of water into the ditch, and the
mud at the bottom of the ditch; that he should have
realized that the ditch was unsafe unless it was

shored up; and that he either should have notified Hirsch of the need for shoring or should have warned the plaintiff of the danger before the plaintiff entered the ditch. The evidence reasonably supports the verdict of the jury.

There is no error.

In this opinion the other judges concurred.