COE AND ANDERSON, INC. *v.* HIRSCH BROTHERS, INC., ET AL.

SUPERIOR COURT    LITCHFIELD COUNTY    FILE No. 18824

Memorandum filed December 31, 1968

*Howard, Kohn, Sprague & Fitzgerald,* of Hartford, for the plaintiff.

*William B. Fitzgerald,* of Waterbury, for all defendants.

FITZGERALD, J.  The plaintiff brought the within case against two sets of defendants, namely, Hirsch Brothers, Inc., a Connecticut corporation, and William L. and Clifford B. Hirsch and Raymond C. Morse, all of Woodbury, Connecticut, doing business as Hirsch Brothers.  As drawn, the complaint is in two counts, the first being directed against the corporate defendant and the second against the individual defendants doing business as Hirsch Brothers. The cause of action asserted in each count against the defendant or defendants to which each count is directed is one of indemnity.  The allegations in each count are identical except for the name of the defendant or defendants to whom the count is directed.  The allegations in each count need not be restated in this memorandum.  Each set of defendants has demurred separately on the same two grounds to the count of the complaint directed against that set of defendants, as on file.

This case is an aftermath of *Wright* v. *Coe & Anderson, Inc.,* 156 Conn. 145, wherein our Supreme Court affirmed a jury verdict in the sum of $27,000 and a judgment entered thereon by the trial court in this county.  See A-475 Rec. & Briefs 617.  In that case, Wright sustained injuries on April 1, 1964, when a ditch in which he was working caved in on him; he was at the time an employee of Hirsch Brothers, Inc. (and for present purposes an employee of the two sets of defendants in the within case); on that date Hirsch Brothers, Inc. (and for present purposes the two sets of defendants in the within case) had contracted with a school to perform certain construction work; and on that date

Hirsch Brothers, Inc. (and for present purposes the two sets of defendants in the within case) subcontracted to Coe & Anderson, Inc., the excavation work on the school job on which Wright was injured as already stated.

In each of the two counts in the complaint in the within case (the first being directed against the corporate defendant and the second against the individual defendants), it is stated: "The area of the trench in which . . . Wright was injured was under the exclusive control of the [named] defendant, its agents, servants and/or employees to the exclusion of the plaintiff." Here the word "plaintiff" is referable to Coe & Anderson, Inc., the plaintiff in the within case which occupied the status of defendant in the *Wright* case, supra.

To be sure, the judgment in the *Wright* case, supra, is not res judicata as to the defendants in the within case, since they were not parties to the judgment in that case; nevertheless, this court has taken judicial notice of the file, appellate record and opinion of our Supreme Court in that case. This it may do. *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 413.

Hereinafter Coe & Anderson, Inc., the plaintiff in the within case whose status was that of the sole defendant in the *Wright* case, supra, will be referred to as Coe, and the corporate defendant and the individual defendants in the within case hereinafter will be referred to interchangeably as Hirsch. In the *Wright* case, supra, Hirsch Brothers, Inc., the corporate defendant in the within case, was so referred to in the body of the opinion.

In the *Wright* case, supra, 154, our Supreme Court, in citing *Kaplan* v. *Merberg Wrecking Corporation,* supra, 417, and *Staples* v. *Bernabucci,* 119 Conn. 443, 448, 450, said: "To be entitled to recover,

it was not necessary for the plaintiff [Wright] to prove that the defendant [Coe] was in control of the ditch to the exclusion of Hirsch. The defendant [Coe] is liable to the plaintiff [Wright] for negligence if the trier finds either that the defendant [Coe] alone was in control of the ditch or that the defendant [Coe] and Hirsch were both in control of it." There were no interrogatories submitted to the jury in the *Wright* case, supra. Consequently, the verdict of the jury, other than finding the issues for the plaintiff and awarding him a specific sum of money as damages, does not disclose whether the jury found that Coe alone was in control of the ditch or that Coe and Hirsch were both in control of it.

Coe as party plaintiff in the within case is seeking to establish liability against Hirsch, as combined parties defendant, as being parties primarily liable for the injuries suffered by Wright on account of which it, Coe, has suffered a judgment and has otherwise incurred expenses. The application of the rule sought to be invoked by Coe in the within case is the primary liability rule as laid down in *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.*, 133 Conn. 536, 542–43.

It must be held in mind that at this stage of the case the court is only concerned with the question of the sufficiency of the allegations in both counts of the complaint. "The basic question presented therefore is whether the complaint alleges facts sufficient to set forth a good cause of action against" Hirsch under the *Preferred Accident* case, supra. *Rossignol* v. *Danbury School of Aeronautics, Inc.*, 154 Conn. 549, 557. "In testing the allegations against attack by demurrer . . . [the court] must construe the complaint in the manner most favorable to the pleader." Ibid.

To paraphrase an excerpt from the opinion of our Supreme Court in the *Kaplan* case, supra, 416: In order to recover as an indemnitee, Coe as party plaintiff in the within case has to prove that Hirsch as party defendant was the party primarily liable under the Connecticut rule as laid down in the *Preferred Accident* case, supra. This in turn required Coe to prove that at the time of the accident (1) Hirsch was negligent; (2) Hirsch's negligence, rather than the negligence with which Coe was found chargeable in the *Wright* case, was the direct, immediate cause of the accident and the resulting injuries to Wright; (3) Hirsch was in control of the situation to the exclusion of Coe; and (4) Coe did not know of Hirsch's negligence, had no reason to anticipate it, and could reasonably rely on Hirsch not to be negligent.

The *Kaplan* case, supra, was reviewed by our Supreme Court following a trial on the merits. As already pointed out, the court at this stage of the within case is only concerned with the sufficiency of allegations. Those allegations must be tested by the facts provable under them; if they would support the cause of action relied upon, the demurrer of necessity must fail. *Rutt* v. *Roche,* 138 Conn. 605, 608, and cases cited. Again, reference is made to the pleading aspects cited in the *Rossignol* opinion, supra.

It is the considered opinion of the court that the identical allegations contained in each of the two counts of the complaint, the first count being directed against the corporate defendant and the second against the individual defendants, sufficiently allege facts which if proven would satisfy the four elements or conditions as paraphrased from the opinion in the *Kaplan* case, supra, in the second preceding paragraph.

To go no further, but in the light of the foregoing discussion and comments, the demurrer interposed by the defendant Hirsch Brothers, Inc., to the first count of the plaintiff's complaint and the demurrer interposed by the defendants William L. and Clifford B. Hirsch and Raymond C. Morse to the second count of the plaintiff's complaint are overruled in toto.

All counsel are complimented for their industry as evidenced by the subject matter of their submitted briefs.