[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[ORDER (#118)]
After hearing held on defendant Fenner America, Inc.'s motion for summary judgment it is hereby Ordered: denied, for the following reasons:
Liability for injury caused by defective premises does not depend on title but, rather, on the question of who was in possession and control. [Farlow v. Andrews Corporation], 154 Conn. 220,225 (1966). In other words, it is control which is "the test which generally measures the responsibility of the owner or occupant of real property for defects relating to it." [Turrisiv. Ponderosa, Inc.], 578 N.Y.S.2d 724, 727 (1992). When there is a factual dispute as to who had control of the area where the injury was caused, such that "honest and reasonable men could fairly reach different conclusions on the question," the issue should be decided by the trier of fact. [Wright v. Coe Anderson, Inc.], 156 Conn. 145, 151 (1968). In short, while ownership does not, without more, impute liability, "[w]hether a particular appurtenance . . . is under the control of an owner or occupant appears to be a question of fact. 62 Am.Jur.2d, p. 355.
Apart from the fact that a negligence action, such as that here-present, does not lend itself well to summary adjudication; [Spencer v. Good Earth Restaurant Corp.], 164 Conn. 194, 198-99
(1972); the defendant has not sustained its burden of demonstrating the nonexistence of any material fact. [ConnecticutBank Trust Co., v. Carriage Lane Associates], 219 Conn. 772, 781
(1991).
GAFFNEY, J. CT Page 4914