[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTGISELE SMITH'S MOTION FOR SUMMARY JUDGMENTAND AGENCY RENT-A-CAR'S MOTION FOR SUMMARY JUDGMENT
I. Factual and Procedural Background
The plaintiff commenced this action on July 9, 1993, against four defendants: Gisele Smith, John Doe, Agency Rent-A-Car, Inc., and Francisco Javier. By an amended complaint, dated June 22, 1994, plaintiff claims that he was injured in a motor vehicle accident on August 25, 1992, riding in a car owned and operated by the defendant, Francisco Javier, in which he was a passenger. The plaintiff alleges that the Javier vehicle was hit by a motor vehicle leased by the defendant, Gisele Smith; owned by the defendant, Agency Rent-A-Car, Inc.; and driven by the defendant, John Doe. It is this amended complaint which the defendants, Agency and Smith, urge this court to use in its determination on their respective motions for summary judgement.
The plaintiff, however, has filed a request to amend his complaint, dated April 19, 1995. Both the defendant Agency and the defendant Smith filed timely objections to that request on May 1, 1995. Both of these defendants argue that the court should not allow the amendment due to the court's previous scheduling order regarding discovery. Further, defendants argue that certain of the counts are barred by the statute of limitations.
The trial court has wide discretion in granting or denying amendments before, during, end even after trial. Wright v. Coe Anderson, Inc., 156 Conn. 145 (1968). Whether an amendment will be allowed requires the court to analyze a number of factors including prejudice to the parties and delay of trial. AntonofskyCT Page 9895v. Goldberg, 144 Conn. 594 (1957). After reviewing the amendment and the respective defendants' objections, this court does not find the amendment to be prejudicial to the defendants nor does it find it untimely. Further, while it is true that this court stayed the pleadings, pending the completion of discovery to aid all parties in their efforts on the pending motions for summary judgment, that schedule has expired. The court does not feel any party will be prejudiced by the court addressing the motions for summary judgment based on the latest amended complaint; all counsel made arguments which went to the allegations of those complaint (whether or not the defendant, Gisele Smith, was operating the motor vehicle). Finally, if in fact the statute of limitations is at issue as to certain counts in plaintiff's amended complaint, the defendants can address that issue in a responsive pleading, if and when such a pleading becomes necessary.
For the purpose of judicial economy and administrative efficiency, this court grants plaintiff's request to amend, overrules the defendants' objections thereto, and will use the April 19, 1995 amended complaint as the operative complaint to determine defendant Agency's and defendant Smith's respective motions for summary judgement. This amended complaint, which consists of five counts, directs three of those counts in part to the defendant Smith. Count one claims the defendant Smith rented a car from the defendant Agency which was operated by the defendant John Doe and that all defendants were negligent in ten separate ways — all involving the operation of the motor vehicle. Court two basically reiterates count one, but substitutes defendant Smith for defendant Doe as the operator of the vehicle and claims she was negligent in the same ten ways set out in count one. Count three alleges that the defendant Smith was negligent in allowing defendant Doe to operate the car.
The amended complaint also directs three of its counts in part to the defendant Agency. Count one sounds in negligence and alleges that defendant Doe was operating a motor vehicle which was owned by the defendant Agency and leased to the defendant Smith. The plaintiff claims defendant Agency has liability to him under § 14-154a of the statutes. In the second count, which also sounds in negligence, the plaintiff alleges that the defendant Smith herself was operating the motor vehicle which the defendant Agency owned and leased to her. Again, the plaintiff claims defendant Agency's responsibility falls under § 14-154a of the statutes. Finally, in count five, a CT Page 9896 "negligent leasing/entrustment claim", plaintiff alleges that the defendant Agency, under § 14-154a of the statutes has a duty to the general public "from those renters/lessors who could reasonably and foreseeable (sic) cause injury to said general public as a result of the negligent lending and/or use of same." The plaintiff alleges that the defendant Agency breached its duty to the plaintiff by leasing a motor vehicle to the defendant Smith. Count five conveniently "skirts" the issue of who was allegedly operating the car by stating in paragraph ten: ". . . the motor vehicle . . . was being operated . . ." and again in paragraph eleven of that count: ". . . the Plaintiff was thus proceeding the operator of the vehicle . . .".[1]
By motion dated January 10, 1995, the defendant Smith moves for summary judgment as the plaintiff's complaint contains no allegations of negligence as to Gisele Smith. Defendant Smith's motion does not address the amended complaint which does include a count regarding defendant Smith's own negligence. However, as this court previously stated, these issues were addressed by all parties at oral argument before the court and accordingly, will be discussed in this court's decision. By motion dated March 16, 1995, the defendant, Agency Rent-A-Car, Inc., moves for summary judgment in its favor on the amended complaint. Defendant Agency claims that the defendant, John Doe, was not an authorized driver of its vehicle; consequently, Agency is not liable for the alleged acts of negligence of John Doe. Again, defendant Agency's motion does not address the amended complaint which does include a count regarding defendant Smith's negligence. Agency did address this issue at oral argument, however, and thus, this court will address the issue in its decision. The plaintiff filed four memoranda in opposition to defendant Agency's motion: one dated February 2, 1995, one dated April 6, 1995, one dated June 22, 1995, and one dated July 13, 1995. Plaintiff argues that there is no evidence that the plaintiff, Gisele Smith, was not driving the car, and accordingly, summary judgment should not be granted.
II. Discussion
"Pursuant to Practice Book Section 364, summary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105 (1994). See also Daily v. New Britain MachineCT Page 9897Co., 200 Conn. 562, 568 (1986); Burns v. Hartford Hospital,192 Conn. 451, 455 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." Id. If the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 579 (1990).
A. The Defendant Smith's Motion for Summary Judgment
While it is true that normally a challenge to the legal sufficiency of a complaint is made by means of a motion to strike, our courts have held that the plaintiff must allege some recognizable cause of action in the complaint. The defendant does not have the burden of attempting to correct this deficiency. SeeBurke v. Avitable, 32 Conn. App. 765, 769 (1993), quotingStavnezer v. Sage-Allen Co., 146 Conn. 460, 461 (1959). Specifically, failure by a defendant to move to strike any portion of a complaint does not prevent the defendant from claiming that the plaintiff has no cause of action. See Brill v.Ulrey, 159 Conn. 371, 374 (1976). In conformance with this premise is the fundamental tenet that a plaintiff's right to recover is limited to the allegations in plaintiff's complaint.Matthews v. F. M. C. Corporation, 190 Conn. 700, 705 (1983). With these legal tenets in mind, the court will turn to the specific allegations as to Gisele Smith.
In count one, the plaintiff claims that he was injured when struck by a vehicle operated by the defendant John Doe. The only acts of negligence claimed relate to the operation of the vehicle; there are no allegations regarding the operation of the vehicle attributed to the defendant Smith. Paragraph five does allege that the "defendants's" were negligent, but all ten subparagraphs allege activities regarding the operation of the motor vehicle. In paragraph three of this count, plaintiff claims the driver of the vehicle was John Doe. There being no allegations in this paragraph regarding the negligence of the defendant Smith, defendant Smith's motion for summary judgment as to count one of the April 19, 1995, amended complaint is granted.
In Count two the allegations are identical to those in count one except the plaintiff now claims that defendant Smith was driving the vehicle instead of the defendant, John Doe. The court has reviewed all the affidavits and documents attached to the Motions for Summary Judgment and the Memoranda in Opposition to CT Page 9898 the Motions for Summary Judgment. There is no evidence to support the plaintiff's allegation that defendant Smith was operating the motor vehicle except plaintiff's reference to her deposition in which she states that she does not remember that time in her life; she was using drugs then. There is objective documentation before the court by way of the police report which states that ". . . [o]perator of vehicle #2 was a Black male approximately 6'0 to 6'2." This information was obtained from an independent witness who observed the accident from her front porch.
The court is not persuaded by plaintiff's negative inference that "there is no evidence showing that Gisele Smith was not the driver of the vehicle." It is undisputed that defendant Smith is a female. There is evidence before the court that a male was operating the vehicle at the time of the accident; there is no concrete evidence before the court to contradict that. Accordingly, defendant Smith's Motion for Summary Judgment as to count two of the complaint as said count relates to her is granted.
In Count three plaintiff claims that defendant Smith was negligent in allowing the defendant Doe to operate the leased vehicle. It is uncontroverted that despite this court's allowance of extensive discovery, including numerous depositions, no evidence has been obtained identifying the defendant, John Doe. The defendant Smith does not even remember if she rented a car during that time frame. As evidenced in her deposition:
 Q: . . . When you rented the car back in 1992 from Agency did you bring the car home?
A: I don't remember anything about back then.
Plaintiff has brought forth no evidence establishing that defendant Smith did anything negligent at all. In fact defendant Smith's own testimony convinces this court that there is no genuine issue of material fact as to defendant Smith's conduct vis-a-vis the unknown defendant, John Doe. Accordingly, defendant Smith's motion for summary judgement as it relates to count three of the amended complaint is granted.
 B. The Defendant Agency Rent-A-Car's Motion for Summary Judgment
CT Page 9899
The recent law in Connecticut as to liability of leasing agencies was clearly set out in the case of Pedevillano v.Bryon, 231 Conn. 265 (1994). In Pedevillano, the Connecticut Supreme Court unanimously held that the liability imposed by § 14-154a of the Connecticut General Statutes is strictly limited to those persons expressly authorized in the written lease agreement by the leasing company to operate the motor vehicle. The court stated, ". . . we have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental." Id. at 268.
It is undisputed between the parties that a leasing agreement existed between the defendant Agency and the defendant Smith. It is also clear from this court's review of the leasing agreement that only defendant Smith was authorized to drive the leased motor vehicle; she did not pay for the option of other drivers. In fact, the lease contains a section regarding additional drivers. The defendant Smith specifically checked and initialed the "no" box concerning additional drivers. Based onPedevillano, therefore, defendant Agency's liability would only extend to circumstances under which the plaintiff claims injuries while defendant Smith was operating the car. Of the three counts against defendant Agency, in part, only count two would survive the Pedevillano test. In Count one, plaintiff claims John Doe was the operator of the car and in Count five, plaintiff makes no claim as to who was driving the car with the exception in paragraph 8(g) of mentioning defendant Smith as the operator.[2] Accordingly, under the Pedevillano test, this court grants the defendant Agency's motion for summary judgement as to both Counts one and five of plaintiff's amended complaint, as each count relates to the defendant Agency.
As to the defendant Agency, the court is now left with Count two in which the plaintiff claims that defendant Smith, the leasee of the car, was in fact the operator of the vehicle. The defendant Agency claims that there is no objective evidence, aside from this bald allegation, establishing this. As previously set out in this memorandum of decision, supra at IIA, plaintiff contends that no evidence exists to show that defendant Smith was not driving the car. The court has already determined in part IIA of this decision that there is no evidence establishing that the defendant Smith was operating the car, the CT Page 9900 only basis under which the defendant Agency would have any statutory liability pursuant to § 14-154a of the statutes. Accordingly, the defendant Agency's motion for summary judgment is granted as to that portion of count 2 as it relates to Agency Rent-A-Car.
III. Conclusion
The defendant Smith's Motion for Summary Judgment is granted as to counts one, two, and three of plaintiff's amended complaint, dated April 19, 1995. The defendant Agency Rent-A-Car's Motion for Summary Judgment is also granted as to counts one, two, and five of the same amended complaint.
SUSAN B. HANDY JUDGE, SUPERIOR COURT