[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, an employee of Newfield Construction Company, allegedly was injured by virtue of what is claimed to be a dangerous ladder he was using at the mechanical room of the Danbury Railroad Station. The plaintiff claims that the locus of the incident was on premises "controlled, possessed and maintained" by the defendant Metro-North Commuter Railroad Company. This defendant moves for summary judgment, claiming, in essence, that the defendant "occupied only the ticket office, train tracks and platforms. Metro-North did not occupy any other portions of the station."
The plaintiff alleges that when he went to the premises he went to the ticketmaster who was Metro-North's employee regarding the noise from the CT Page 8585 air conditioner unit and he received the key to the mechanical room where the air conditioner is located from the ticketmaster.
The defendant, in its motion for summary judgment, submits the affidavit of Carl D. Rosa and the affidavit of John Roberto. Each of these affidavits sets forth the conclusion that the defendant Metro-North did not control, maintain, manage or utilize the mechanical room and the upper mechanical room.
Contrasted to these conclusory allegations is the factual allegations that the plaintiff went to Metro-North's employee to determine the complaint and further that he actually received the key to provide access to the room from Metro-North's ticketmaster.
Practice Book § 17-49 provides that the judgment shall be granted if the affidavits and other proof show that there is no genuine issue as to any material fact. Also see cases such as Daily v. New Britain MachineCo.,, 200 Conn. 562, 568 (1986) and cases cited therein. Possession and control is a factual issue. ". . . if honest and reasonable men could fairly reach a different conclusion on the question, the issue should properly go to the jury." Wright v. Coe Anderson, Inc., 156 Conn. 145,151 (1968).
There is a genuine question of fact as to control. The motion for summary judgment is denied.
 ________________________ L. Paul Sullivan