[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPORTIONMENT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#121)
 FACTS
Before the Court is a motion for summary judgment filed by the apportionment defendant, Lawn Ranger, LLC (Lawn Ranger), against the defendant/apportionment plaintiff, Westbury Condominium Association (Westbury). The underlying action sounds in tort and arises out of an accident that the plaintiff, Mary Hoffmeister, alleges occurred on December 9, 1996 when she slipped and fell in Westbury's parking lot. Westbury brought two third party claims against Lawn Ranger. The first is an apportionment complaint filed on December 30, 1998, alleging that the plaintiff's injuries were the result of Lawn Ranger's negligence in the CT Page 16098 snow removal and sanding services that were to be provided to the Westbury pursuant to contract. The second third party claim was brought through a complaint filed on March 1, 1999 seeking indemnification from Lawn Ranger for any damages the plaintiff might receive against Westbury. This Court will address each third party action in turn to determine whether there are issues of fact preventing this Court from ruling on these third party claims as a matter of law.
 LAW
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
(1999).
 A. APPORTIONMENT
Westbury argues that the existence of the nondelegable duty does not diminish or relieve the Lawn Ranger's liability or fault for its own negligence. Lawn Ranger argues that because there is no clear division of liability between the parties, apportionment of liability is not possible or appropriate.
In the present case, the landowner has a nondelegable duty. "[T]he nondelegable duty doctrine means that the party with such a duty — in this case, [Westbury Condominium] — may not absolve itself of liability by contracting out the performance of that duty. Both the Appellate Court and courts of other jurisdictions have held that the nondelegable duty doctrine means that a party may contract out theperformance of a nondelegable duty, but may not contract out his ultimate legal responsibility." (Emphasis in original.) Gazo v. City of Stamford,255 Conn. 245, 255, 765 A.2d 505 (2001). In Gazo, our Supreme Court addressed a fact pattern very similar to the present case. It held that both the landowner and the independent contractor owed a duty to the CT Page 16099 plaintiff and that negligence by either the landowner or the contractor would breach the duty owed by the landowner. "[W]e view the nondelegable duty doctrine as involving a form of vicarious liability, pursuant to which the party with the duty may be vicariously liable for the conduct of its independent contractor. That vicarious liability, however, does not necessarily preclude liability on the part of the independent contractor." Id., 256. Gazo held that a direct duty was owed to the plaintiff by the independent contractor, however, the Gazo court did not address whether the landowner could apportion its own nondelegable duty to the contractor.
"Several trial courts have addressed the issue of whether liability may be apportioned between an owner of property and a snow removal contractor in a slip and fall case. There is a clear split of authority in the Superior Court opinions." Bowen v. Stonegate Condominium Ass'n. , Superior Court, judicial district of New Haven at New Haven, Docket No. 416453 (January 5, 2001, Jones, J.). "The courts allowing an apportionment action reason that a contractor owes an independent duty to any person who may be foreseeably injured if the snow plower is negligent in removing snow and ice. See Guliasano v. National Amusements, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 65495 (July 29, 1999, Thompson, J.) (25 Conn.L.Rptr. 203); Uliano v. EastHill Woods, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061900 (November 9, 1998, Grogins, J.) (23 Conn.L.Rptr. 335); Veach v. Waldbaum's, Inc., Superior Court, judicial district of Danbury, Docket No. 331159 (September 16, 1998,Radcliffe, J.) (23 Conn.L.Rptr. 145); Dowd v. Jack, Superior Court, judicial district of Danbury, Docket No. 323612 (January 16, 1998,Leheny J.); Schweitzer v. Andover Ltd. Partnership, Superior Court, judicial district of New Haven at New Haven, Docket No. 280420 (September 6, 1990, Hadden, J.)." Falconv. Deerfield Woods Condominiums Ass'n. , Superior Court, judicial district of New Haven at New Haven, Docket No. 418521 (December 18, 2000,Zoarski, J.).
The courts deciding that liability cannot be apportioned to the contractor base their decision on the premise that "`the negligence of the contractor is the negligence of the property possessors', and in such situations, `[t]he law imposes joint and identical responsibility for the same identical act of negligence.' . . . Hamilton v. Circle Associates, Superior Court, judicial district of Tolland at Rockville, Docket No. 065103 (November 30, 1998, Sullivan, J.) (23 Conn.L.Rptr. 203, 204). This joint liability on the part of both the landowner and the independent contractor makes apportionment inappropriate. See Currier v.Fieldstone Village, [Superior Court, judicial district of Tolland at Rockville, Docket No. 069258 (January 19, 2000, Sullivan, J.) (26 CT Page 16100 Conn.L.Rptr. 240)] (`The negligence of the [landowner and of the contractor] . . . are exactly the same in fact and in law . . . The [negligent] act . . . is identical, indivisible, and hence incapable of being apportioned.'); Riggione v. Kmart Corp., [Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (January 11, 2000, Alander, J.)] ([s]ince there are not separate acts of negligence by the principal and the agent, there is nothing to apportion'.)" Bowen v. Stonegate Condominium Ass'n. , Superior Court, judicial district of New Haven at New Haven, Docket No. 416453 (January 5, 2001, Jones, J.) (28 Conn.L.Rptr. 578, 580).
This Court reasons that apportionment of liability for the breach of a nondelegable duty is inappropriate. A duty is owed to the plaintiff by both the landowner and the independent contractor. The breach of that duty, namely, not keeping the premises in a reasonably safe condition, are identical and indivisible whether breached by the landowner or the contractor. The breach can be committed by either the landowner or the independent contractor, but the landowner remains legally responsible because it has a nondelegable duty. Although the contractor can be sued directly by the plaintiff for its breach of duty, that is not the case presently before this court. Presently before the court is a nondelegable duty which can be contracted out. Ultimately, however, the legal responsibility remains with the landowner. Gazo v. Stamford, supra,255 Conn. 255. Therefore, this Court holds that the apportionment of this indivisible breach of duty is inappropriate. "Because [Westbury] could not delegate its duty to the plaintiff to keep the premises safe, and because it is responsible to the plaintiff for any negligence on the part of [Lawn Ranger,] apportionment is not appropriate." (Internal quotation marks omitted.) Hoyt v. K-Mart Corp., Superior Court, judicial district of New Britain at New Britain, Docket No. 0484215 (June 29, 2000, Kocay,J.) (27 Conn.L.Rptr. 467, 469).
Lawn Ranger's motion for summary judgment respecting the apportionment complaint is granted.
 B. INDEMNITY
The second claim before this Court is a third party complaint, filed on January 22, 1999, in which Westbury seeks indemnification from Lawn Ranger for any damages that the plaintiff may recover. "A number of the cases holding apportionment to be inappropriate in slip and fall cases recognized that a landowner may seek indemnification from an independent contractor for any damages awarded against it. Kaplan v. Merberg WreckingCorp., 152 Conn. 405, 416, 207 A.2d 732 (1965) (indemnity is proper where the [independent contractor] . . . was the party primarily liable for the wrongful act which occasioned the injury. . . ."(Citations omitted.) CT Page 16101Bowen v. Stonegate Condominium Ass'n. , supra, 28 Conn.L.Rptr. 581 n. 4.
"To assert a claim for indemnification under Kaplan, an out-of-pocket defendant must show that: (1) the party against whom the indemnification is sought was negligent; (2) that party's active negligence, rather than the defendant's own passive negligence, was the direct, immediate cause of the accident and the resulting injuries and death; (3) the other party was in control of the situation to the exclusion of the defendant seeking reimbursement; and (4) the defendant did not know of the other party's negligence, had no reason to anticipate it, and reasonably could rely on the other party not to be negligent." Smith v. New Haven, 258 Conn. 56,66, 779 A.2d 104 (2001) (citing the four prong test for indemnification from Kaplan v. Merberg Wrecking Corp., supra, 152 Conn. 416-17. The third party defendant, Lawn Ranger, has only addressed prongs three and four of the Kaplan four prong test in its memorandum in opposition to summary judgment. Its main argument is that Westbury was in control of the subject parking lot and therefore common law indemnification is not appropriate. The defendant argues that the third party defendant was in control of the subject parking lot and therefore should indemnify the defendant for damages awarded to the plaintiff.
"The word control has no legal or technical meaning distinct from that given in its popular accepting . . . and refers to the power or authority to manage, superintend, direct or oversee." (Internal quotation marks omitted.) Dogy v. Shawmut Bank, 58 Conn. App. 427, 432, 755 A.2d 219
(2000). "The issue of control over premises that are allegedly defective are questions of fact reserved for the trier of fact. Boyd v. George, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 314638 (June 6, 1995, Maiocco, J.); Halloway v. Nejam, Superior Court, judicial district of Danbury, Docket No. 307893 (April 7, 1995,Stodolink, J.); Overton v. Fenner America, Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 67054 (May 5, 1994,Gaffney, J.) citing Wright v. Coe Anderson, Inc., 156 Conn. 145, 151,239 A.2d 493 (1968)." Rosenthal v. 348 West Putnam Avenue, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 129379 (March 29, 1996, Ryan, J.).
The question of indemnification, therefore, hinges on whether Westbury or Lawn Ranger was in control of the premises. This question is one of fact and is not subject to a motion for summary judgment. Accordingly, Lawn Ranger's motion for summary judgment respecting Westbury's complaint for indemnification is denied.
Superior Court
By David L. Fineberg, JTR CT Page 16102