JAMES STEVENS *v.* RAYMARK CORPORATION/RAYBESTOS MANHATTAN ET AL.

(9153)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued May 5—decision released July 14, 1992

*Thomas H. Cotter,* for the appellant (named defendant).

*Mark W. Oberlatz,* for the appellee (plaintiff).

FOTI, J. The defendant corporation, Raymark Corporation/Raybestos Manhattan, appeals from the decision of the compensation review division affirming a March 14, 1989 finding and award by the workers' compensation commissioner (commissioner). The sole issue to be determined concerns the appropriate rate of pay on which to calculate the benefits due the plaintiff pursuant to the provisions of the Workers' Compensation Act, General Statutes § 31-275 et seq.

The following undisputed facts are relevant to this appeal. The plaintiff, James Stevens, was employed by the defendant from 1972 until 1979. During his employment, the plaintiff was exposed to asbestos at his workplace. On April 29, 1985, the plaintiff was diagnosed with asbestos related lung disease. On June 27, 1987, he was diagnosed as having suffered a permanent partial disability to his lungs as a result of his exposure to asbestos. The parties stipulate that the claimant suffers a 46.25 percent disability of both lungs.

The case was brought before the workers' compensation commissioner for the fourth district to determine the appropriate average weekly wage on which to base the amount of benefits to which the plaintiff was entitled. The commissioner determined that the appropriate compensation rate was the average weekly wage earned by the plaintiff at the time he was diagnosed as having a permanent partial disability. The defendant appealed to the compensation review division on

the ground that the commissioner incorrectly deter-
mined the appropriate compensation rate. The review
division affirmed the decision of the commissioner, and
the defendant appealed to this court. We affirm the
decision of the review division.

The defendant argues that the compensation rate
should be based on the plaintiff's average weekly wage
at the time he suffered the injury. The defendant
asserts that under workers' compensation law, the date
of the injury is the date in 1979 on which the plaintiff
was last exposed to asbestos while employed by the
defendant.

The applicable case law provides that the relevant
date for determining compensation to an injured
worker is the date of his incapacity to work, however.
In *Rousu* v. *Collins Co.*, 114 Conn. 24, 31, 157 A. 264
(1931), our Supreme Court held that where the events
leading to a worker's injury and the incapacity to work
do not occur simultaneously, such as in this case where
the injury resulted from prolonged exposure to
asbestos, the date of injury for the purpose of deter-
mining compensation is the date of incapacity to work.
The court stated, "[t]he just measure of the value of
the earning power of an employee and the correlative
loss incurred by him would seem to relate to his earn-
ings at the time the loss occurs through incapacity to
work, rather than his earnings at an earlier time, per-
haps so remote that, through changing conditions, per-
sonal or industrial, or both, his earnings at that time
no longer accurately or correctly reflect the present
value of the earning power of the [worker]." Id.

Two years later in *Michna* v. *Collins Co.*, 116 Conn.
193, 164 A. 502 (1933), our Supreme Court again
addressed this issue. In that case, the plaintiff worked
as a wet grinder from 1913 until 1923, when he trans-
ferred to dry grinding. In 1924, he quit and obtained

employment elsewhere. In 1930, he was forced to give up employment of any kind because he had contracted pneumoconiosis as a result of his occupation as a wet grinder. Pneumoconiosis, a form of lung disease, typically does not cause disability until years after exposure. In determining the appropriate basis on which to calculate the plaintiff's compensation, the court stated, "the basis of ascertainment of average weekly wage . . . is the wages received from the employer in whose service the plaintiff was at the time his incapacity occurred, even though in the exceptional case, as here, a change of employers intervenes between the physical injury . . . and the incapacity." Id., 200.

General Statutes § 31-307 provides: "If any injury for which compensation is provided under the provisions of this chapter results in total incapacity to work, there shall be paid to the injured employee a weekly compensation equal to sixty-six and two-thirds per cent of his average weekly earnings at the time of the injury . . . ." The legislature enacted Public Acts 1980, No. 80-124, amending § 31-307 of the Workers' Compensation Act to read: "In the case of an occupational disease,[1] the time of injury shall be the date of total or partial incapacity to work as a result of such disease."[2] Thus, under both statutory and common law, the plain-

[1] General Statutes § 31-275 (11) defines occupational disease as "any disease peculiar to the occupation in which the employee was engaged and due to causes in excess of the ordinary hazards of employment as such and includes any disease due to or attributable to exposure to or contact with any radioactive material by an employee in the course of his employment."

[2] The defendant asserts that the 1980 amendment to General Statutes § 31-307 is inapplicable to this case because it had not yet been passed by the legislature at the time the plaintiff retired from the defendant company in 1979. The defendant is incorrect in its assertion, however, because the 1980 amendment simply codified the rule of law established years earlier in *Michna* v. *Collins Co.*, 116 Conn. 193, 164 A. 502 (1933), and *Rousu* v. *Collins Co.*, 114 Conn. 24, 157 A. 264 (1931).

tiff's benefits should be calculated on the basis of his wages on the date of his incapacity to work rather than on the date of his injury.

Although the plaintiff in this case left the defendant's employ in 1979, he continued to work elsewhere. Even after he was diagnosed with occupational lung disease in 1985, he continued to work. His incapacity to work for the purposes of § 31-307 occurred when he was diagnosed as permanently partially disabled on June 22, 1987, and became eligible for workers' compensation benefits under § 31-308. Therefore, his benefits should be computed on the basis of his wages immediately prior to June 22, 1987.

The defendant argues that the decision of our Supreme Court in *Michna* v. *Collins Co.,* supra, is not controlling in this case because it was decided over fifty-five years ago and because the statutes in question have changed considerably since that time. Rather, the defendant argues, the decisions of the compensation review division in *Pich* v. *Pratt & Whitney,* 4 Conn. Workers' Comp. Rev. Op. 163 (1988), and *Delos* v. *United Illuminating,* 7 Conn. Workers' Comp. Rev. Op. 111 (1989), mandate that the plaintiff's benefits be calculated on the basis of his wages in 1979, the time of his last exposure to asbestos.

Neither *Pich* v. *Pratt & Whitney,* supra, nor *Delos* v. *United Illuminating,* supra, however, squarely addresses the issue presented by the case at hand or adequately supports the defendant's position. In fact, in *Pich* v. *Pratt & Whitney,* supra, the review division cites its decision in *O'Leary* v. *New Britain,* 3 Conn. Workers' Comp. Rev. Op. 108, 110–11 (1986), in which it held that in the case of an injury occurring over a period of time, the appropriate calculation of benefits relates to the time of the manifestation of the injury, i.e., the date that incapacity from the injury occurred.

While the review division notes in *Pich* v. *Pratt & Whitney,* supra, that in a case of prolonged exposure to harm the date of injury is the last day of exposure to the harm, this language is not sufficient to persuade us that the plaintiff's benefits should be calculated according to his wages on the date of his last exposure to asbestos.

Finally, the defendant is mistaken in its apparent belief that a case is not binding precedent simply because it was decided several decades ago. "[T]here is no question but that '[a] decision of [our Supreme Court] is a controlling precedent until overruled or qualified.' " *White* v. *Burns,* 213 Conn. 307, 335, 567 A.2d 1195 (1990), quoting *Herald Publishing Co.* v. *Bill,* 142 Conn. 53, 61–62, 111 A.2d 4 (1955). Because *Michna* v. *Collins Co.,* supra, and *Rousu* v. *Collins Co.,* supra, have not been overruled, and because the workers' compensation statutes hereinbefore discussed have not altered the reasoning of these two cases, they control our decision in this case. The plaintiff's benefits should be determined according to his rate of pay immediately preceding his diagnosis as permanently partially disabled.

The decision of the compensation review division is affirmed.

In this opinion the other judges concurred.