DIANA MOXON *v.* BOARD OF TRUSTEES OF REGIONAL COMMUNITY COLLEGES (13515)

O'CONNELL, FOTI and LAVERY, Js.

Argued February 6—decision released April 25, 1995

*Donna Civitello,* with whom, on the brief, was *Robert F. Carter,* for the appellant (plaintiff).

*Loida John-Nicholson,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *William J. McCullough,* assistant attorney general, for the appellee (defendant).

FOTI, J. The plaintiff appeals from the decision of the compensation review board (board) affirming the find-

ings of the workers' compensation commissioner (commissioner) and his determination of the plaintiff's compensation rate.[1] On appeal to this court,[2] the plaintiff claims that the board improperly upheld the commissioner's finding of the plaintiff's date of disability and his determination of the base workers' compensation rate.

The following facts are relevant to this appeal. The plaintiff, a computer specialist, had been employed by the defendant since January 2, 1987. On May 27, 1987, installation of new carpeting began in the data center where she worked, and continued for up to two weeks. She became ill in June, 1987, from exposure to fumes from the carpet adhesive. In July, 1987, the plaintiff was exposed to fumes when a ground maintenance crew accidently sprayed a pesticide into the air vents. Subsequent to these incidents of exposure, she developed severe acquired angioedema, causing abdominal pain and diarrhea. She also experienced hive-like swellings on the skin and swelling of the upper airways resulting in shortness of breath.

The parties subsequently entered into a voluntary agreement indicating injury to the plaintiff on June 12, 1987, from exposure to chemicals. It also indicated a maximum workers' compensation rate of $408 per

[1] Although the board affirmed the commissioner's determination, it remanded the matter to the commissioner with direction that the commissioner include an order of interest pursuant to General Statutes § 31-295 (c). The parties agree, as do we, that the board's decision is a final judgment; the appeal is not premature requiring a dismissal. The remand requires only a noncontroversial calculation, the parties having stipulated, prior to the appeal, to the form and method of computation. The remand, therefore, involves only the ministerial function of entering an award of statutory interest. See *Vachon* v. *General Dynamics Corp.*, 29 Conn. App. 654, 657 n.3, 617 A.2d 476 (1992), cert. denied, 224 Conn. 927, 619 A.2d 852 (1993).

[2] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the appellate court."

week. This agreement was executed by the parties, filed on November 14, 1988, and approved by the compensation commissioner for the first district on November 22, 1988.

The plaintiff reached maximum medical improvement as assessed by her treating physician, Robert McLellan, on January 31, 1990. A formal hearing was held before the workers' compensation commissioner on October 15, 1991. At this hearing, the parties stipulated that the number of weeks of permanent partial disability to be paid was 358.8 weeks. The sole issue before the commissioner was the determination of the applicable average weekly wage and the corresponding compensation rate due to the plaintiff. It was the plaintiff's claim that her date of incapacity was January 31, 1990, the date when her permanent partial incapacity was first assessed by McLellan. She claimed that on the basis of a January 31, 1990 date of incapacity, she was entitled to a workers' compensation base rate of $631.31 per week. The plaintiff sought to have the voluntary agreement that the parties had entered in November, 1988, modified accordingly.

The commissioner found that the plaintiff's workers' compensation rate of $408 per week was the proper rate, and that that rate was properly determined as of June, 1987. The plaintiff appealed that ruling to the compensation review board, which affirmed the findings of the commissioner. The plaintiff now appeals from the board's decision. We affirm the decision of the board.

As a preliminary matter, we note that when a decision of a commissioner is appealed to the compensation review board, that board may not retry the facts and is obligated to hear the appeal on the record of the hearing before the commissioner. *Fair* v. *People's Savings Bank*, 207 Conn. 535, 538–39, 542 A.2d 1118

(1988). The commissioner, as trier of facts, has the power and duty to determine the facts, and the conclusions drawn from those facts as found "must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Crochiere* v. *Board of Education*, 227 Conn. 333, 347, 630 A.2d 1027 (1993). Our scope of review of the actions of the board is similarly limited. *Vanzant* v. *Hall*, 219 Conn. 674, 677, 594 A.2d 967 (1991).

The relevant date for determining compensation to an injured worker is the date of that worker's incapacity to work, which might not necessarily be the date of injury. *Stevens* v. *Raymark Corp./Raybestos Manhattan*, 28 Conn. App. 226, 228, 610 A.2d 710, cert. denied, 223 Conn. 921, 614 A.2d 830 (1992). In the present case, the commissioner made several findings in support of his conclusion that there was no discrepancy between the plaintiff's date of injury and date of incapacity to work, and in determining the weekly rate of compensation. In refusing to open and modify the original voluntary agreement signed by the parties and approved by the workers' compensation commissioner, which established the date of the injury and the rate of compensation, the commissioner noted that the plaintiff had not established any changed conditions of fact necessitating a modification of that agreement pursuant to General Statutes § 31-315.[3]

---

[3] General Statutes § 31-315 provides: "Any award of, or voluntary agreement concerning, compensation made under the provisions of this chapter shall be subject to modification, upon the request of either party and in accordance with the procedure for original determinations, whenever it appears to the compensation commissioner, after notice and hearing thereon, that the incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence on account of which the compensation is paid has changed, or that changed conditions of fact have arisen which necessitate a change of such agreement or award in order properly

The board determined that the commissioner's finding that the plaintiff became ill due to exposure to chemical fumes in June, 1987, and was disabled from work at that time, was supported by the record. On the basis of that date, the board upheld the commissioner's conclusion regarding the calculation of the compensation rate. We agree that the findings were supported by evidence in the record.

The plaintiff's injury from specific incidents at work was clearly identified, and resulted in her partial incapacity to work at the time. She immediately had symptoms and signed a voluntary agreement setting forth a compensable episode. This agreement constituted a stipulation that the commissioner was justified in considering. While the stipulation does not agree that the plaintiff was totally disabled for any period of time, neither is it inconsistent with a determination that her work capacity was impaired in 1987. The plaintiff's treating physicians, Norman Bedard and Mark Cullen, both indicated in their reports that the plaintiff was absent due to illness six to seven times per year due to the fumes from the carpet adhesive and the pesticide exposure. Another treating physician, Robert McLellan, reported in 1990 that although the plaintiff was able to continue full-time work, "she estimates she lost about ten days last year due to this problem." The stipulation itself states that the plaintiff "did have time lost for medical visits" as a result of her work injury from June 12, 1987.

The plaintiff relies on *Stevens* v. *Raymark Corp./Raybestos Manhattan*, supra, 28 Conn. App. 230, as sup-

to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question."

port for her argument that the date of incapacity was the date McLellan first assessed her permanent partial incapacity. The claimant in *Stevens* suffered from an occupational disease, and the events leading to the claimant's injury and his incapacity to work did not occur simultaneously. The commissioner, in distinguishing *Stevens*, recognized that this case was not the case of an injury occurring over a period of time, where the appropriate calculation of benefits would relate to the time of the manifestation of the injury, i.e., the date that incapacity from the injury occurred. Cf. id. In this case, the plaintiff was subjected to specific, identifiable incidents at work that immediately resulted in symptoms and in her partial incapacity to work at that time.

We conclude that the commissioner had before him sufficient facts from which he could conclude as he did. The board reiterated the findings of the commissioner and affirmed his decision regarding the plaintiff's compensation rate.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.