# RONALD DASILVA *v.* DANBURY PUBLISHING COMPANY, A DIVISION OF OTTAWAY NEWSPAPERS, INC., ET AL.
## (13882)

O'Connell, Foti and Spear, Js.

Argued September 12—decision released November 7, 1995

*Scott R. McCarthy*, for the appellant (plaintiff).

*David W. Schoolcraft*, for the appellees (defendants).

FOTI, J. The plaintiff appeals, pursuant to General Statutes § 31-301b,[1] from the decision of the compensation review board (board)[2] affirming the findings of the workers' compensation commissioner (commissioner) and his determination that the plaintiff was an independent contractor rather than an employee of the named defendant. On appeal, the plaintiff claims that the board improperly affirmed the commissioner's decision that the subordinate facts support a finding that the plaintiff

---

[1] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the appellate court."

[2] One commissioner dissented.

was an independent contractor. The plaintiff also asserts that the classification of newspaper carriers as independent contractors is an antiquated and purposeful device used by publishers to avoid their responsibilities to minors in violation of the public policy of this state.

The commissioner made the following findings that are pertinent to this appeal. In January, 1992, the plaintiff started delivering The News Times, an afternoon newspaper published by the named defendant, the Danbury Publishing Company (Danbury Publishing). On February 16, 1993, the plaintiff, who was then fourteen years of age, suffered an eye injury while in the process of delivering the newspaper to residential subscribers in Danbury. The newspapers were dropped off each day at the plaintiff's house for delivery by him to subscribers designated by Danbury Publishing. The newspapers were purchased by the plaintiff at a wholesale price and sold to the subscribers on his route at a retail price suggested by Danbury Publishing. The plaintiff kept all moneys, including tips, received over and above the wholesale cost of the newspapers. He was billed each week by the publisher for the wholesale cost of the newspapers delivered to him and was responsible for the payment of that bill regardless of whether he was paid by the subscribers. Included in the plaintiff's bill from Danbury Publishing was a fifty cent per week charge for newspaper carrier accident insurance. The plaintiff claims that the insurance fee was mandatory, while the publisher maintains that it was optional. The plaintiff kept a record of his collections in a book that he purchased from the publisher. In delivering the newspapers, he traveled on foot or on his own bicycle, carrying the newspapers in a bag that he also purchased from the publisher. While he was orally advised by The News Times of a guideline calling for delivery of the newspapers by a certain time, he was not told in what

order to deliver the papers along his route, and he adopted his own routine for their daily delivery. If for any reason he could not deliver some or all of the papers at any given time, he was personally responsible for getting a substitute to do so. He was free to deliver other publications and he could solicit new customers even if they were located on another carrier's route. If a carrier failed to deliver a newspaper to a subscriber on a given day, the publisher would do so, but if that carrier was repeatedly remiss in completing a delivery route, the publisher would stop wholesaling newspapers to that carrier.

On the basis of the evidence presented, the commissioner dismissed the plaintiff's claim for workers' compensation, concluding that he was an independent contractor and not an employee of Danbury Publishing. The plaintiff appealed that ruling to the board, which affirmed the findings of the commissioner. The plaintiff now appeals from the board's decision. We affirm the decision.

"As a preliminary matter, we note that . . . [the] board . . . is obligated to hear the appeal on the record of the hearing before the commissioner. . . . The commissioner, as trier of facts, has the power and duty to determine the facts, and the conclusions drawn from those facts as found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Citation omitted; internal quotation marks omitted.) *Moxon* v. *Board of Trustees of Regional Community Colleges*, 37 Conn. App. 648, 650–51, 657 A.2d 699, cert. denied, 234 Conn. 908, 659 A.2d 1209 (1995). "Our scope of review of the actions of the review division is similarly limited." *DeBarros* v. *Singleton*, 21 Conn. App. 107, 110, 572 A.2d 69, cert. denied, 215 Conn. 808, 576 A.2d 538 (1990).

Whether someone is an employee or an independent contractor is a question of fact, absent controlling circumstances. *Ross* v. *Post Publishing Co.*, 129 Conn. 564, 567, 29 A.2d 768 (1943). The ultimate test is "the right of general control of the means and methods used by the person whose status is involved." Id. The plaintiff does not dispute that these principles accurately present the authoritative rules of law governing his claim. He contends, however, that the subordinate facts found by the commissioner overwhelmingly support a finding of a master-servant relationship rather than one of an independent contractor. The facts found by the commissioner, which the plaintiff advances in support of his argument, include his status as a minor at the time of the accident, the control the publisher had over him, the nature of the work performed, i.e., the work performed by the plaintiff was part of the publisher's regular business, and his continuity of service.

We conclude that none of the above findings presents the type of controlling circumstance required to transform the query of the nature of the plaintiff's relationship with the defendant from one of fact into one of law. This court cannot overrule *Ross*. The commissioner's findings of fact are properly focused on the issue of control. His conclusion that the plaintiff was an independent contractor must stand because it was not illegally or unreasonably drawn from the subordinate facts.

The plaintiff argues that public policy requires that he be protected under workers' compensation laws because his minor status prevented him from understanding the ramifications of being an independent contractor. We cannot accept the plaintiff's assertion that public policy requires his protection under the workers' compensation laws because he may have lacked the capacity to form a contract to act as an independent contractor. If we were to accept such an argument, it would follow that the plaintiff also lacked the capacity

to enter into an employment contract. We leave the public policy concerns regarding newscarriers to the discretion of the legislature.

We conclude that the subordinate findings of the commissioner are sufficient to support his final determination that the plaintiff was an independent contractor.

The decision of the compensation review board is affirmed.

In this opinion the other judges concurred.