[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joan LaBozzo, commenced this negligence action against the defendants, Cynthia Pierce and Southern Connecticut Newspaper, Inc. ("The Advocate"), for injuries she sustained as a result of a trip and fall over a newspaper delivered by the defendant, Cynthia Pierce.
The defendant The Advocate filed a motion for summary judgment on February 5, 1996, accompanied by a memorandum and exhibits in support of its motion. The plaintiff filed a memorandum in opposition to the defendant's summary judgment motion on March 29, 1996.
A moving party is entitled to summary judgment where the pleadings and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384.Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105, CT Page 3451639 A.2d 507 (1994).
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). In deciding a motion for summary judgment the court is, "obliged to accept as true all well pleaded facts and the plaintiff's evidence offered in opposition to the defendant's motion, and to determine whether the plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery." Suarezv. Dickmont Plastics Corp., supra, 229 Conn. 110. In addition, "the trial court must view the evidence in the light most favorable to the nonmoving party." Id, 106.
The defendant argues that summary judgment should be granted as to the second count of the plaintiff's complaint because Cynthia Pierce was an independent contractor and not an employee at the time she delivered the newspaper to the plaintiff. Thus, the defendant alleges that it is not responsible for torts committed by an independent contractor.
"Whether someone is an employee or an independent contractor is a question of fact, absent controlling circumstances." DaSilvav. Danbury Publishing Co., 39 Conn. App. 653, 656, 666 A.2d 440, cert. denied, 235 Conn. 236 (1995), citing Ross v. PostPublishing Co., 129 Conn. 564, 567, 29 A.2d 768 (1943). "The ultimate test is the right of general control of the means and methods used by the person whose status is involved." Id.
The defendant alleges that there are controlling circumstances that exist to show that the carrier of the newspaper, Cynthia Pierce, was an independent contractor and not an employee. The defendant argues that the contract between carriers and the defendant entitled "Independent Carrier Agreement" states that the purchasing, selling and distributing of the newspaper is an independent business. (Exhibit C). However, "agency as regards a third party may not be determined alone, . . . by the contracts between the defendant and its carriers. These established a certain business relationship between the parties not solely determinative of the question of agency here involved. . . . The contracts could not be given the legal effect, claimed for them by the defendant, that they were conclusive of the fact that the carriers were independent contractors as to the incident in question. This was a question CT Page 3452 to be determined from all of the circumstances surrounding the incident bearing on the matter of control." Scorpion v.American-Republican, Inc., 131 Conn. 42, 49, 37 A.2d 802 (1944).
The court finds that there is a question of material fact as to whether the defendant is liable for the acts of the defendant Pierce. Furthermore, the defendant has not provided sufficient evidence to show the existence of controlling circumstances that would determine the status of Pierce as an independent contractor.
Accordingly, the defendant's motion for summary judgment is denied.
RYAN, J.