[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#127)
I
CT Page 5163-LLLL
BACKGROUND
This civil action arises out of personal injuries sustained by the plaintiff in a fall which occurred when he was attempting to replace an elevated wood deck outside of the condominium unit of the defendants Brian W. Fry and Robin L. Fry (hereinafter Frys). The Frys contracted with Joseph Troha (hereinafter Troha) to construct a deck which would replace a deck located in the rear of their condominium unit. Subsequently, Troha hired the plaintiff to assist him in the replacement of the deck. The Frys' deck was attached to the exterior of their condominium unit at the Aspetuck Village Condominium complex in Shelton, Connecticut. The plaintiff alleges that "while the [p]laintiff was loading decking lumber for the construction of the new deck, the `deck box' gave way at its outermost supports and tilted down from the attachment point at the unit wall, causing the [p]laintiff to fall approximately nine feet to the ground below suffering injuries more fully set forth below. . . ." ("Second Revised Complaint," First Count, ¶ 6.)
The plaintiff brought suit against the Aspetuck Village Condominium Association, the Frys and Troha. The complaint principally claims negligence on the part of all the defendants by alleging that they did not ensure that safety equipment was in place on the work site of the deck to be replaced. The second and third counts are directed against the Frys. The second count claims negligence on the part of the Frys by alleging that they did not ensure that safety equipment or protective devices were used on the work site, such as protective padding on the ground. The third count reiterates the same claims of negligence, but alleges that General Statutes § 31-49[1] placed an affirmative duty on the Frys to ensure a safe work site.
On March 20, 1996, the defendant Frys filed a motion for summary judgment and supporting documentary proof. On May 23, 1996, the plaintiff filed a memorandum in opposition to the defendant Frys' motion for summary judgment. On May 28, 1996, the defendant Frys filed a reply to the plaintiff's memorandum in opposition to their motion for summary judgment. In their memoranda, the Frys assert that they cannot be responsible for the negligence of the independent contractor, Troha, because they were not in control of the work site. The plaintiff argues, relying heavily on General Statutes § 31-49[2], that the Frys' failure to provide a safe work place constituted negligence separate from the negligence of the defendant Troha. The court CT Page 5163-MMMM now addresses the merits of the motion for summary judgment.
 II DISCUSSION
"The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); see also Practice Book § 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp.,
supra, 105-06. "[A] directed verdict is appropriate when the jury could not reasonably and legally have reached any other conclusion." (Citations omitted; internal quotation marks omitted.) Boehm v. Kisk, 201 Conn. 385, 393 n. 4, 517 A.2d 624
(1986). "In Connecticut, a directed verdict may be rendered only where . . . the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed."Sheridan v. Board of Education, 20 Conn. App. 231, 239,562 A.2d 882 (1989). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989).
 A Third Count
General Statutes § 31-49[3] is only applicable in the context of a master-servant relationship; Perille v.Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 545,494 A.2d 555 (1985) (Shea, J., concurring); and the master-servant relationship — the employer-employee relationship — is distinguishable from that of an independent contractor relationship. See DaSilva v. Danbury Publishing Co., 39 Conn. App. 653,656, 666 A.2d 440, cert. denied, 235 Conn. 936,668 A.2d 374 (1995). "In the absence of guidance from the language of the statute or the legislative history, we look to common law principles. . . . It is assumed that all legislation is CT Page 5163-NNNN interpreted in light of the common law at the time of its enactment." (Citations omitted; internal quotation marks omitted.) Hunte v. Blumenthal, 238 Conn. 146, 153, ___ A.2d ___ (1996). Thus, this court must turn to the common law.[4]
"The term independent contractor is used to differentiate from an employee." Minton v. Krish, 34 Conn. App. 361, 368 n. 4,642 A.2d 18 (1994). "The legal incidents of the employer-employee relationship, on the one hand, and the employer-independent contractor relationship, on the other, are well established. . . . [The definition of an independent contractor] is one who, exercising an independent employment, contracts to do piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work. This definition has been amplified in subsequent cases but at no time has the basic principle been altered. . . . The fundamental distinction between an employee and an independent contractor depends upon the existence or nonexistence of the right to control the means and methods of work." (Citations omitted; emphasis in original; internal quotation marks omitted.) Hunte v. Blumenthal, supra, 238 Conn. 154; see also Silverberg v. Great Southwest Fire Ins. Co., 214 Conn. 632,639, 573 A.2d 724 (1990) (same). "While it is the right ofcontrol, as distinguished from the exercise of control, that is the test for determining whether a person is an employee or an independent contractor, nevertheless the fact that the employer has actually exercised certain control over the performance of the work may be considered as a factor tending to show the right to control, whereas the fact that during the performance of work
the employer has exercised no control may be considered as tending to show the absence of a right to control." (Emphasis added.) 41 Am.Jur.2d, Independent Contractors § 10, pp. 406-07 (1995).
Although the determination of whether someone is an employee or an independent contractor is generally a question of fact; seeDaSilva v. Danbury Publishing Co., supra, 39 Conn. App. 656; the plaintiff admitted, in responses to a request for admissions, that the defendant Frys did not hire, contract with, or pay the plaintiff. (Exhibit C, accompanying defendants' Memorandum of Law.) Practice Book § 240, regarding the effects of written admissions, reads in pertinent part: "Any matter admitted under this section is conclusively established unless the court on motion permits withdrawal or amendment of the admission." In addition, the plaintiff offers no documentary proof, pursuant to CT Page 5163-OOOO Practice Book § 380, to refute these facts. As such, this court may rely on the documentary proof submitted by the moving party. See Genco v. Connecticut Light Power Co., 7 Conn. App. 164,167, 508 A.2d 58 (1986). The question in this case may even be one of law. "The determination of legal principles that govern the uncontested facts of a party's employment status is a question of law." (Emphasis added.) Hunte v. Blumenthal, supra,238 Conn. 150. These admissions conclusively establish that the plaintiff was not an independent contractor, much less an employee, of the defendant Frys.
Furthermore, the defendant Troha — the contractor hired by the Frys — admitted, in responses to a request for admissions, that the Frys did not direct or control the construction activities. (Exhibit B, Questions 8-11, accompanying defendants' Memorandum of Law.) Troha admitted that he hired the plaintiff to assist him in the construction. (Exhibit B, Question 13, accompanying defendants' Memorandum of Law.) Troha also admitted that he was an independent contractor of the Frys. (Exhibit B, Question 12, accompanying defendants' Memorandum of Law.) Therefore, defendant Troha was not even an employee of the Frys. Although Troha's admissions are not admissions of the plaintiff, the plaintiff once again has not submitted documentary proof to dispute these facts.
Accordingly, this court finds that there is an absence of any genuine issue as to all material facts which, under the applicable principles of substantive law, entitle the defendant Frys to judgment as a matter of law on the third count. SeeSuarez v. Dickmont Plastics Corp., supra, 229 Conn. 105. The defendant Troha was an independent contractor and the plaintiff was an independent subcontractor. Thus, the defendant Frys are entitled to judgment as a matter of law on the third count because General Statutes § 31-49 is not applicable to them.
 B Second and Third Counts
The court next addresses whether the Frys are entitled to judgment as a matter of law on the second and the third counts under the "completed and accepted" rule. This issue presents an additional consideration for the third count. The previous "general rule [was] that where the owner of the premises employs an independent contractor to perform work upon [the premises], CT Page 5163-PPPP the contractor, and not the owner, is liable for any losses resulting from negligence in the performance of the work until such time as it has been completed, turned over to and accepted by the owner." Wright v. Coe Anderson, Inc., 156 Conn. 145,151, 239 A.2d 493 (1968). In 1994, our Appellate Court stated that the Connecticut "Supreme Court's holding in Coburn v. LennoxHomes, Inc., 173 Conn. 567, 378 A.2d 599 (1977), is inconsistent with the completed and accepted rule. In Coburn, a contractor was held liable to an injured third party even though the contractor's negligent work had been completed and accepted."Minton v. Krish, supra, 34 Conn. App. 365.
Although the "completed and accepted" rule has been partially repudiated in Connecticut; see Minton v. Krish, supra, 34 Conn. App. 365-68; this overruling was expressly limited to the fact that "a contractor can be held liable for his negligence even after his work has been completed and accepted." Id., 365-66. That is, the Minton case clarified that Connecticut now adheres to the "foreseeability" rule of 2 Restatement (Second), Torts § 385 (1965), regarding an independent contractor's liability. Id., 367-68. Therefore, the general rule is still that "where the owner of premises employs an independent contractor to perform work on [the premises], the contractor, and not the owner, is liable for any losses resulting from negligence in the performance of the work. . . . The basic premise is that the assumption and exercise of control over the offending area is deemed to be in the independent contractor." (Citations omitted.)Darling v. Burrone Bros., Inc., 162 Conn. 187, 196, 292 A.2d 912
(1972); see also Trainor v. Frank Mercede Sons, Inc., 152 Conn. 364,368, 207 Conn. 54 (1964) ("the assumption and exercise of control over the offending area or instrumentality is deemed to be in the independent contractor"). There is nothing in the subsequent case law to indicate that the "completed and accepted" rule does not still apply to a premises owner.
As indicated above, the defendant Troha admitted that he and his subcontractors were in control of the work area. The plaintiff has not disputed this fact. In addition, the plaintiff alleges that he fell and was injured "while loading decking lumber for the construction of the new deck." ("Second Revised Complaint," First Count, ¶ 6.) Factual allegations contained in pleadings are judicial admissions. Dreier v. Upjohn Co.,196 Conn. 242, 248-49, 492 A.2d 164 (1985). Therefore, the plaintiff was injured in the performance of the work in question. CT Page 5163-QQQQ
This court finds that there is an absence of any genuine issue as to all material facts which, under the applicable principles of substantive law, entitle the defendant Frys, as owners of the premises, to judgment as a matter of law on the second and third counts. The defendant Frys, as owners of the premises, are entitled to the protection of the general rule which shields them from negligence in the performance of the work; this is so because the defendant Troha, as an independent contractor, was in control of the work area and the plaintiff was injured in the performance of the work in question.
 III CONCLUSION
For the reasons indicated above, summary judgment is granted in favor of the defendant Frys on the second and third counts.[5]
SKOLNICK, J.