■ JOSE PEREZ et al., Appellants, v NEW YORK TELEPHONE COMPANY et al., Respondents.—Orders of the Supreme Court, New York County (Myriam J. Altman, J.), entered on May 19, 1989 and January 17, 1990, the first granting motions for summary judgment by the defendants New York Telephone Company (NYTel) and Rohm & Haas (R&H) dismissing the complaint, counterclaims and cross claims against them, and the second granting the motion of defendant Acoustic Development Co. (ADC) for summary judgment dismissing the complaint, counterclaims and cross claims against it, are unanimously affirmed, without costs.

On February 17, 1985, the plaintiff Jose Perez, then an infant, sustained a serious injury to his eye while standing inside a telephone booth. An object hit the transparent side of the semienclosed booth allegedly causing it to shatter. Defendant NYTel owned the booth, defendant ADC sold the booth (model ADC 120) to NYTel, and defendant R&H allegedly manufactured the transparent material which allegedly shattered. This action was commenced in 1986. The complaint contains four causes of action, sounding in negligence, products liability, breach of warranty and a derivative claim on the mother's behalf.

After discovery was concluded, the following facts were established. Only R&H manufactures Plexiglas in the United States. Plexiglas is R&H's trademark for a clear thermoplastic substance which is a methyl methacrylate ester polymer. R&H's sales and marketing manager was not aware of any Plexiglas sales made directly to ADC or to NYTel for at least 18 years, and he was unaware of any indirect sales to them. There are 20 to 30 other manufacturers of thermoplastic products with chemistry similar to that of Plexiglas.

ADC manufactured the ADC 120 telephone booths, and used tempered safety glass on the sides of the units. ADC's district sales manager said that NYTel would replace broken tempered glass panels in the units with "Plexiglas", but he used the term in the generic sense and was unaware of which manufacturer actually supplied the plastic replacement panels. Thus any of 20 or 30 manufacturers might have supplied replacement panels in the particular booth occupied by Jose Perez. Moreover, there was no evidence that it was a plastic acrylic panel, let alone one manufactured by R&H, which allegedly shattered, because there was no examination or production of the pieces by any party. This may be because a summons was not served until October of 1986, one year and eight months after the incident.

Finally, Mr. Perez does not know what kind of object hit the booth. It was never found. He did not even see it break or shatter—he just heard an impact, felt blood coming into his eye, and ran home. He did not know what the substance or object was that struck his eye. It could have been a rock, or even a bullet, which caused the injury. None of the defendants could reasonably be charged with the duty to provide bullet-proof telephone booths for NYTel customers. Indeed, it may have been the projectile itself, or a piece of it, that hit plaintiff in the eye after ricocheting off the inside surface of the booth, which caused the injury.

It is well established that the mere happening of an accident creates no presumption of liability. Liability attaches only if the defendant breaches a legal duty to the plaintiff which breach is a substantial cause of the events which produced the injury (*Boltax v Joy Day Camp,* 67 NY2d 617, 619). An unforeseeable, superceding event will absolve the defendants of liability (*supra,* at 620). An intervening act is deemed a superceding cause of the injury so as to relieve the defendants of liability if it is of such an extraordinary nature or so attenuates defendants' negligence from the ultimate injury that responsibility may not reasonably be attributed to the defendants (*O'Britis v Peninsula Golf Course,* 143 AD2d 123, 125; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468, 471; *Ward v State of New York,* 81 Misc 2d 583, 587). "Whether hindsight reveals that greater precautions could have been taken to avoid the harm that eventuated is irrelevant if the injury could not reasonably have been foreseen at the moment the defendant engaged in the activity which later proves harmful". (*Danielenko v Kinney Rent A Car,* 57 NY2d 198, 204.)

As to the products liability claim, plaintiffs made no evidentiary demonstration that there was a design or manufacturing defect with respect to the telephone booth *(Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 106-107). Nor did plaintiffs demonstrate a breach by any of the defendants of express or implied warranties.

We agree with the Supreme Court that plaintiffs have not set forth evidentiary facts sufficient to raise a factual question material to any of the causes of action in the complaint *(Indig v Finkelstein,* 23 NY2d 728; *Smith v Johnson Prods. Co.,* 95 AD2d 675). We accordingly conclude that summary judgment was properly granted to each of the defendants, dismissing the complaint, counterclaims and cross claims against them. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.