■ Jyh-Teh Wang et al., Respondents, v Garden North Associates, Appellant.—In an action for the return of a down payment on a contract of sale of real property, the defendant appeals from an order of the Supreme Court, Queens County (Smith, J.), dated May 16, 1990, which granted the plaintiffs' renewed motion for summary judgment.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that the attorneys for the parties are directed to appear at this court on May 13, 1992, at 12:00 Noon, to be heard, pursuant to 22 NYCRR 130-1.1 (c), upon the issue of the imposition of appropriate sanctions and/or costs, if any, against the defendant's attorney.

On March 27, 1987, the parties entered into a written agreement providing that the plaintiffs would purchase a condominium unit from the defendant. The plaintiffs paid $17,000 as a deposit, but the contract was conditioned upon their obtaining a mortgage commitment. After they were unsuccessful in obtaining a mortgage commitment, the plaintiffs demanded return of their deposit and upon the defendant's refusal, brought this action and moved for summary judgment, seeking the return of their down payment. In response, the defendant's attorney, who was also a principal of the defendant, alleged that the motion was premature since there had not been an opportunity for discovery. Counsel contended further that the plaintiffs had violated their agreement by manipulating a bank into withdrawing its mortgage commitment, and that the facts were exclusively within the plaintiffs' control. Accordingly, the court denied the motion "without prejudice to renewal sixty (60) days after service of a copy of this Order with Notice of Entry". The court's decision clearly explained that summary judgment was being denied so as to permit the defendant to conduct discovery. When the defendant failed to take any additional steps to conduct discovery, the plaintiffs renewed their summary judgment motion.

We find that the court properly granted the plaintiffs' renewed motion for summary judgment. The defendant never submitted any evidence supporting its claim that the plaintiffs violated the agreement between them, sufficient to demonstrate a triable issue of fact.

Moreover, upon our review of the record, we find that the instant appeal appears to be so lacking in merit in either fact or law that it may be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c). The parties are therefore directed to appear at this court on May 13, 1992, at 12:00 Noon, to be heard on the issue of whether appropriate sanctions and/or costs should be imposed against the defendant's attorney pursuant to 22 NYCRR 130-1.1 (c), and, if so, in what amount. Sullivan, J. P., Lawrence, Eiber and Pizzuto, JJ., concur. [See, 182 AD2d 806.]