■ Jyh-Teh Wang et al., Respondents, v Garden North Associates, Appellant.—On the court's own motion, it is,

Ordered that the decision and order of this court dated April 13, 1992, in the above-entitled case, is amended, by (1) deleting from the first decretal paragraph thereof, the words "; and it is further," (2) deleting the second decretal paragraph thereof, and (3) deleting the last paragraph thereof on page 2. Sullivan, J. P., Lawrence, Eiber and Pizzuto, JJ., concur. [See, 182 AD2d 675.]

■ Ann J. Kuehner, Individually and as Executrix of the Estate of Gary S. Kuehner, Deceased, Appellant, v City of Yonkers et al., Respondents, et al., Defendants.—In a wrongful death action, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered September 15, 1989, which upon a ruling granting the respondents' motion made at the close of the plaintiff's case, to dismiss the complaint for failure to make out a prima facie case, is in favor of the respondents and against her.

Ordered that the judgment is affirmed, without costs or disbursements.

It is well settled that a motion to dismiss for failure to establish a prima facie case should only be granted if there is no rational process by which a jury could find for the plaintiff and against the moving defendant upon the evidence presented (see, Gruntz v Deepdale Gen. Hosp., 163 AD2d 564; Blum v Fresh Grown Preserve Corp., 292 NY 241, 245). Viewing the plaintiff's evidence as to negligence and proximate cause in a light most favorable to her (see, Wragge v Lizza Asphalt Constr. Co., 17 NY2d 313), we find that there was insufficient evidence adduced from which a reasonable person might conclude that the respondents were negligent and that their negligence proximately caused the decedent's death. Eiber, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.