■ Eva Kleinmunz, Appellant, v Alvin Katz et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered August 7, 1990, which, upon granting the defendants' motion pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case made at the close of the plaintiff's case, dismissed the complaint and all cross claims.

Ordered that the judgment is affirmed, without costs and disbursements.

It is well settled that a motion pursuant to CPLR 4401 to dismiss for failure to establish a prima facie case should be granted if there is no rational process by which a jury could find for a plaintiff and against a defendant upon the evidence presented (see, Gruntz v Deepdale Gen. Hosp., 163 AD2d 564; Blum v Fresh Grown Preserve Corp., 292 NY 241, 245). Viewing the plaintiff's evidence as to negligence and strict products liability in a light most favorable to her (see, Wragge v Lizza Asphalt Constr. Co., 17 NY2d 313), we find that there was insufficient evidence from which a reasonable person might conclude that the defendants had either actual or constructive knowledge of the alleged defect or that the alleged defect existed at the time the product was sold. Accordingly, the complaint and all cross claims were properly dismissed. Mangano, P. J., Rosenblatt, Ritter and Santucci, JJ., concur.