■ RICHARD SCHAFER, Respondent, v STANDARD RAILWAY FUSEE CORPORATION, Appellant. [606 NYS2d 332] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Nassau County (Yachnin, J.), dated May 7, 1991, which, upon a jury verdict finding the defendant 80% at fault in the happening of the accident, is in favor of the plaintiff and against it in the principal sum of $15,000.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's claim, the Supreme Court properly denied its motion to dismiss based upon the plaintiff's alleged failure to prove a prima facie case. It is well settled that a motion pursuant to CPLR 4401 to dismiss for failure to establish a prima facie case should be granted only if there is no rational process by which a jury could find for a plaintiff and against a defendant upon the evidence presented (see, Kleinmunz v Katz, 190 AD2d 657; Hylick v Halweil, 112 AD2d 400, 401; Nicholas v Reason, 84 AD2d 915).

Viewing the plaintiff's evidence in a light most favorable to him *(see, Kleinmunz v Katz, supra; McCloud v Marcantonio,* 106 AD2d 493, 495), we find that there was sufficient evidence from which a jury could rationally find that the defendant's highway flare was defective at the time it left the defendant's control *(see, Winckel v Atlantic Rentals & Sales,* 159 AD2d 124, 126; *Hylick v Halweil, supra; Coley v Michelin Tire Corp.,* 99 AD2d 795; *Iadicicco v Duffy,* 60 AD2d 905, 906).

Furthermore, the Supreme Court properly required further qualifications from the defendant's expert witness *(see, Werner v Sun Oil Co.,* 65 NY2d 839, 840; *Hong v County of Nassau,* 139 AD2d 566; *Karasik v Bird,* 98 AD2d 359, 362). Nor did the Supreme Court improvidently exercise its discretion in denying the defendant's applications to demonstrate a properly working highway flare or to admit its expert's slides into evidence *(see, Uss v Town of Oyster Bay,* 37 NY2d 639, 641; *Goldner v Kemper Ins. Co.,* 152 AD2d 936, 937; *Glusaskas v Hutchinson,* 148 AD2d 203, 209).

The Supreme Court also properly charged the jury that it could infer that a defect existed in the highway flare at the time it left the defendant's control *(see, Halloran v Virginia Chems.,* 41 NY2d 386, 388; *Winckel v Atlantic Rentals & Sales,* 159 AD2d 124, 127, *supra; Shelden v Hample Equip. Co.,* 89 AD2d 766, 767; *Fox v Corning Glass Works,* 81 AD2d 826; PJI 2:141.1, 2:141.2 [1992 Supp]). Any issue concerning the plaintiff's alleged misuse of the flare by lighting it while allegedly facing into the wind was relevant only to the issue of intervening or superseding cause and the apportionment of fault *(see, Sheppard v Smith Well Drilling & Water Sys.,* 93 AD2d 474, 476-478). If a product is not reasonably safe for its intended or reasonably foreseeable use, culpability on the part of a plaintiff in mishandling the product or in failing to exercise reasonable care to discover the defect will not bar recovery unless that conduct is found to be the sole cause of the plaintiff's injury *(see, Sheppard v Smith Well Drilling & Water Sys., supra,* at 478). Upon a review of the evidence, the jury could properly find that the alleged misuse by the plaintiff was not the sole cause of his injuries and that the highway flare was defective.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.