■ AMANDA DiGIOVANNI, an Infant, by Her Mother and Natural Guardian, CAROLYN DiGIOVANNI, et al., Appellants-Respondents, v WILLIAM RAUSCH, Defendant and Third-Party Plaintiff-Respondent-Appellant, et al., Defendants. JOHN DiGIOVANNI, Third-Party Defendant-Respondent. [640 NYS2d 793] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered October 20, 1994, which, upon granting the motion of the defendant third-party plaintiff pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiffs' case, is in favor of the defendant third-party plaintiff and against them dismissing the complaint. The defendant third-party plaintiff cross appeals from so much of the same judgment as is in favor of the third-party defendant and against him dismissing the third-party complaint.

Ordered that the judgment is affirmed insofar as appealed and cross- appealed from, without costs or disbursements.

It is well-settled that a motion to dismiss a complaint for failure to establish a prima facie case should only be granted if, upon viewing the evidence in a light most favorable to the plaintiff, there is no rational process by which a jury could find for the plaintiff and against the moving defendant (Hughes v New York Hosp.-Cornell Med. Ctr., 195 AD2d 442, 443; see also, CPLR 4401; Wragge v Lizza Asphalt Constr. Co., 17 NY2d 313; Rhabb v New York City Hous. Auth., 41 NY2d 200, 202; Vigilant Ins. Co. v Rippner Elec. Constr. Corp., 196 AD2d 494; Kleinmunz v Katz, 190 AD2d 657; Kuehner v City of Yonkers, 182 AD2d 806). Applying this standard to the facts of this case, we find that there was insufficient evidence adduced at trial from which the jury might have concluded that the defendant third-party plaintiff, William Rausch, was negligent (cf., Kleinmunz v Katz, supra; Kuehner v City of Yonkers, supra; cf., Perez v New York Tel. Co., 161 AD2d 191, 192; Russell v Meat Farms, 160 AD2d 987, 989). Accordingly, the complaint and the third-

party complaint were properly dismissed. Thompson, J. P., Sullivan, Pizzuto and McGinity, JJ., concur.