■ FREDERICK SCHOLL et al., Appellants, v HEIDI's DELICATESSEN, INC., Respondent. [648 NYS2d 313] —In an action to recover damages for personal injuries, the plaintiffs appeal (1) from an oral decision of the Supreme Court, Westchester County (Lefkowitz, J.), rendered August 15, 1995, which, after the close of the plaintiffs' case, granted the defendant's motion for judgment as a matter of law dismissing the complaint, (2) from a decision of the same court entered August 21, 1995, which "further explained" the oral decision, and (3) from a judgment of the same court dated September 19, 1995, which is in favor of the defendant and against them dismissing the complaint.

Ordered that the appeals from the decisions are dismissed as no appeal lies from a decision *(Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

It is well settled that a motion to dismiss for failure to establish a prima facie case should be granted if there is no rational process by which a jury could find for a plaintiff and against a defendant upon the evidence presented *(see, Kleinmunz v Katz,* 190 AD2d 657; *Nicholas v Reason,* 84 AD2d 915). Viewing the plaintiffs' evidence in a light most favorable to them, we find that there was insufficient evidence from which a reasonable person might conclude that the defendant had either actual or constructive knowledge of the skateboard on the floor of the defendant's store or that the presence of the skateboard was a recurrent condition *(see generally, Gordon v American Museum of Natural History,* 67 NY2d 836).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Miller, J. P., Ritter, Goldstein and Florio, JJ., concur.