■ Leon Webber, Respondent, v Mutual Life Insurance Company of New York et al., Appellants. [731 NYS2d 447] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered January 16, 2001, which denied defendants' motion and cross motion for summary judgment dismissing all claims and cross claims against them, unanimously reversed, on the law, without costs, and the motion and cross motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Plaintiff, who was employed by nonparty Prop Transport Services at the time of his injury, sustained fractures of the right ankle, leg and elbow when he fell from the middle of a loading ramp extending from the rear of a trailer, a distance of several feet to the ground. The ramp was described by plaintiff as being 18 feet long and four feet wide, constructed of aluminum, with a lip at each side approximately 1½ inches high. Defendant Janco's operations manager testified that the ramp was owned by his employer and measured 14 feet in length and 38 inches in width. The record reflects that the design is common to ramps used extensively in the trucking industry. It is plaintiff's allegation that the bottom of his trouser leg became caught on the lip of the ramp, causing him to lose his balance.

At the close of discovery, defendant Mutual Life Insurance Company of New York (MONY) moved, and Janco cross-moved, for summary judgment dismissing the complaint. Defendant MONY argued that it did not direct the work performed by plaintiff, and there is no evidence that it had actual or constructive notice of any allegedly defective condition. Defendant Janco noted that there is no evidence of any defect in the loading ramp and that it took no part in directing plaintiff's work. Both defendants noted that the matter is controlled by the substantive law of New Jersey. Supreme Court denied sum-

mary relief, holding that questions of fact are presented as to the condition of the ramp, actual or constructive notice of that condition and the degree of direction and control exercised by defendants over the unloading operation.

As to the law to be applied, it is settled that the protection afforded to New York employees by the Labor Law, including Labor Law §§ 200, 240 (1) and § 241 (6), has no application to an accident that occurs outside New York State, even where all parties are New York domiciliaries (*Padula v Lilarn Props. Corp.*, 84 NY2d 519, 522-523). Thus, this matter is governed by principles of New Jersey common law.

With respect to the responsibility of defendant Janco for the injuries sustained by plaintiff: "[A] New Jersey property owner owes a duty of ordinary care to provide the worker with a reasonably safe workplace (*Sanna v National Sponge Co.*, 209 NJ Super 60, 506 A2d 1258 [App Div 1986]; *Wolczak v National Elec. Prods. Corp.*, 66 NJ Super 64, 168 A2d 412 [App Div 1961]). The owners' fault must be established, and the worker's contributory negligence is a defense (*Sanna v National Sponge Co., supra*; *Hardman v Ford Motor Co.*, 70 NJ Super 275, 175 A2d 455 [App Div 1961]). Also, the degree of control and participation by the owner in the performance of the work is a major consideration in assessing his negligence (*Gibilterra v Rosemawr Homes*, 19 NJ 166, 115 A2d 553; *Sanna v National Sponge Co., supra*; *Wolczak v National Elec. Prods. Corp., supra*)." (*Calla v Shulsky*, 148 AD2d 60, 63.) Significantly, an owner bears no responsibility for injury sustained by an employee as a result of the very work the employee was hired to perform (*Kane v Hartz Mtn. Indus.*, 278 NJ Super 129, 140, 650 A2d 808, 813, *affd* 143 NJ 141, 669 A2d 816).

The record is devoid of any description of the defect that is asserted to have rendered the ramp dangerous or of the manner in which the alleged defect caused or contributed to plaintiff's injuries. Furthermore, plaintiff does not allege that defendant Janco had any part in directing the unloading operation.

Liability of defendant MONY is predicated solely on the insistence by its manager that unloading the trailer was part of the work for which MONY had contracted with Prop Transport Services. Clearly, a dispute with respect to the extent of the work subject to the contract does not implicate defendant MONY in the direction and control of its performance; nor does it serve to remove the case from the rule of *Kane v Hartz Mtn. Indus. (supra)*. Concur—Rubin, J. P., Saxe, Buckley, Friedman and Marlow, JJ.