■ JEWEL RICHMAN, Appellant, v FABRIC BONANZA, INC., Respondent. [733 NYS2d 79] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Schulman, J.), entered January 18, 2001, which, upon the granting of the defendant's motion pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when she tripped and fell on a plastic sunflower which had apparently

fallen to the floor from a wall display as she was walking into one of the defendant's stores. At the close of the plaintiff's case, the defendant moved pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case. The Supreme Court granted the motion, and a judgment dismissing the complaint was entered. We affirm.

The Supreme Court properly granted the defendant's motion to dismiss the complaint since, "upon viewing the evidence in a light most favorable to the plaintiff, there is no rational process by which a jury could find for the plaintiff and against the moving defendant" (*DiGiovanni v Rausch*, 226 AD2d 420; *see, McCarthy v City of New York*, 250 AD2d 654, 655). The plaintiff failed to present any evidence that the defendant either created or had actual or constructive notice of the allegedly dangerous condition (*see, Friedman v 221 Fifth Ave. Corp.*, 282 AD2d 571; *Pianforini v Kelties Bum Steer*, 258 AD2d 634). O'Brien, J. P., Friedmann, Schmidt and Townes, JJ., concur.