■ In the Matter of ARNOLD B. FIRESTONE et al., Appellants, v FRANK M. MACKAY et al., Respondents, et al., Respondents. (Proceeding No. 1.) In the Matter of FRANK M. MACKAY et al., Respondents, v SUFFOLK COUNTY BOARD OF ELECTIONS et al., Respondents, and MICHAEL W. STUDLEY et al., Appellants. (Proceeding No. 2.) [760 NYS2d 548] —In two proceedings pursuant to, inter alia, Election Law § 16-102, in effect, to determine the validity of a certificate of election and adoption of rules and regulations filed with the Suffolk County Board of Elections electing the individual appellants as officers and executives of the Suffolk County Committee of the Independence Party of New York, which were joined for trial, the appeals are from (1) a decision of the Supreme Court, Suffolk County (Pitts, J.), dated November 21, 2002, (2) a decision of the same court dated November 25, 2002, (3) so much of an order of the same court dated December 9, 2002, as denied the appellants' motion to disqualify John J. Leo and Vincent J. Messina, Jr., from representing the respondents-respondents in Proceeding No. 1, and (4), a final order of the same court dated February 19, 2003, which, inter alia, granted the motion of the Executive Committee of the Suffolk County Committee of the Independence Party of New York and the Suffolk County Committee of the Independence Party of New York and the cross motion of the respondents-respondents Frank M. MacKay, Frances Siems, and William Bogardt to dismiss Proceeding No. 1.

Ordered that the appeals from the decisions are dismissed; and it is further,

Ordered that the order dated December 9, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that the final order dated February 19, 2003, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioners-respondents and respondents-respondents appearing separately and filing separate briefs.

The appeals from the decisions must be dismissed, as no appeal lies from a decision (*see Scholl v Heidi's Delicatessen,* 232 AD2d 396 [1996]; *Blaine v Meyer,* 126 AD2d 508 [1987]).

The Supreme Court properly dismissed Proceeding No. 1.

The committee rules of the Suffolk County Committee of the Independence Party of New York clearly state who is empowered to preside at an organizational meeting. None of the appellants, the petitioners in Proceedings No. 1 and respondents in Proceeding No. 2, were among those with the requisite authority to conduct an organizational meeting. Therefore, both the meeting they held and the resulting certificates of election and adoption of rules and regulations they filed with the Suffolk County Board of Elections were null and void.

The appellants' remaining contentions are without merit. Smith, J.P., Krausman, Crane and Mastro, JJ., concur.