■ DOMINICK FLORIO et al., Respondents-Appellants, v FISHER DEVELOPMENT, INC., Appellant-Respondent. (And Other Actions.) [765 NYS2d 879] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 9, 2002, which, to the extent appealed and cross-appealed from as limited by the briefs, granted defendant Fisher Development, Inc.'s motion for summary judgment insofar as to dismiss plaintiff's Labor Law § 240 (1) claim, but denied the motion insofar as it sought dismissal of plaintiff's Labor Law § 200 and common-law negligence claims, unanimously modified, on the law, to grant Fisher's motion to the extent of dismissing plaintiff's Labor Law § 200 claim, and otherwise affirmed, without costs.

Plaintiff was doing plastering work as part of a renovation project at a Gap store in Westport, Connecticut, when he fell and was injured. Fisher Development, Inc. (Fisher) was the general contractor for the project, and it hired Island Taping, Inc. (Island) to do power washing and paint work. Island subcontracted Grant Painting and Decorating (Grant), plaintiff's employer, to do additional outside plastering work.

At the time of his accident, plaintiff was working with an Island employee. Plaintiff was standing on a six-foot baker's scaffolding. He could not reach the area of the wall which needed work, so his coworker retrieved a six-foot ladder. Plaintiff placed the ladder on top of the scaffolding and leaned it against the wall. As plaintiff stepped onto the ladder, it tipped towards him, and he fell to the ground.

Fisher's superintendent testified at his deposition that it was his job to monitor the work being done. He said he walked around the site to inspect the project, to ensure that safety procedures were being followed. He further testified that the applicable safety rules required the use of railings on scaffolds which were more than six feet tall. He stated that immediately prior to this accident he walked out of the store and saw plaintiff on the ladder on the scaffolding. He claimed to have yelled out, "Dom, get off the ladder. You're not supposed to be up there and get some guardrails on there." He testified that he also told plaintiff's coworker that he had warned plaintiff not to work from the ladder on the scaffold. However, plaintiff affirmed, and his coworker testified at a deposition, that they did not recall these conversations.

Plaintiff brought this personal injury action against Fisher, alleging common-law negligence, violation of section 240 (1) of New York's Labor Law, and loss of services. Fisher moved for an order (1) declaring that Connecticut law applied; (2) dismissing the Labor Law § 240 (1) claim; (3) dismissing the complaint, cross claims and counterclaims against Fisher on the ground that it was not negligent; and (4) alternatively, for common-law indemnification on the section 240 claim.

In opposition, plaintiff argued that Fisher had waived the issue of choice of law by failing to plead it as an affirmative defense. Plaintiff also argued that if Connecticut law applied, questions of fact precluded summary judgment. Fisher, plaintiff asserted, as general contractor, had the right to supervise and inspect all portions of the work performed by the subcontractors, and had assumed a duty to ensure that all safety procedures were followed. Plaintiff also submitted an expert's affirmation opining that the superintendent's claimed safety measures were inadequate since good safety practices demanded that he make sure that plaintiff heard and understood his instructions, and that he stay at the scaffold until the danger was removed.

In reply, Fisher argued that its duty to provide a safe workplace did not give rise to liability, and that it was not liable because, under Connecticut law, a general contractor can-

not be held liable for losses resulting from the negligence of a subcontractor until the work has been completed, turned over and accepted by the general contractor.

As relevant to this appeal, the IAS court dismissed plaintiff's Labor Law § 240 (1) claim, finding that Connecticut law applied to this action. It also dismissed a claim pursuant to Labor Law § 241 (6), and it sustained a claim pursuant to Labor Law § 200, despite the fact that no such claims were asserted. Finally, the court held that there was an outstanding issue as to Fisher's supervision and control, precluding summary dismissal of plaintiff's common-law negligence claim.

The IAS court correctly concluded that plaintiff has no New York Labor Law § 240 claim. Section 240 of the Labor Law is a conduct-regulating statute, and is inapplicable to this case because the accident occurred in Connecticut. In circumstances like these involving such statutes, the proper choice of law is that of the state where the offending acts or omissions took place (*Padula v Lilarn Props. Corp.*, 84 NY2d 519 [1994]). Had claims been asserted under New York Labor Law §§ 241 and 200, dismissal would also have been proper. These sections are similar to section 240 in that they are conduct-regulating, and thus do not pertain to this Connecticut accident (*see Webber v Mutual Life Ins. Co. of N.Y.*, 287 AD2d 369, 370 [2001]).

Contrary to plaintiff's contention, it was not necessary for defendant to plead, as an affirmative defense, that Connecticut, rather than New York, law should be employed. This choice of law claim was not "likely to take [plaintiffs] by surprise" and did not "raise issues of fact not appearing on the face of a prior pleading" (CPLR 3018 [b]). Plaintiff was presumably aware of the potential applicability of Connecticut law, as the complaint asserted the fact that the accident occurred in Westport, Connecticut.

However, under Connecticut law, there are outstanding issues of fact which preclude summary dismissal of plaintiff's common- law negligence claim (*see Wright v Coe & Anderson, Inc.*, 156 Conn 145, 151, 239 A2d 493, 497 [1968] ["(I)f honest and reasonable men could fairly reach different conclusions on the question (of who had control of the area or instrumentality causing the injury), the issue should properly go to the jury"]). Fisher incorrectly argues that in Connecticut, a general contractor cannot be found negligent while an independent contractor is in the process of completing its assigned tasks. This is not an accurate statement of the law, which provides, as here, for the imposition of liability upon a general contractor exercising responsibility for the safety of independent

contractors during the course of their assigned tasks (*Wright, supra*). As the *Wright* court stated, "[t]he ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is: would the ordinary man, in the defendant's position, knowing what it knew or should have known, anticipate that harm of the general nature of that suffered by the plaintiff was likely to result unless reasonable care was taken" (156 Conn at 151-152, 239 A2d at 497).

The record reveals that Fisher, as general contractor, was responsible for overall safety measures at the work site and for monitoring the work of the various subcontractors, including Grant, plaintiff's employer. Fisher's director of construction admitted that if a dangerous safety issue were observed while work was in progress, Fisher's superintendent was to immediately discuss it with the worker involved. Plaintiff was observed placing a ladder onto a scaffolding that did not have handrails, an unsafe use of the safety equipment which brought about his injury (*see Wright, supra*; *Trainor v Frank Mercede & Sons, Inc.*, 152 Conn 364, 368, 207 A2d 54, 55-56 [1964]). Further, while Fisher's superintendent testified that he called out to plaintiff and tried to correct the dangerous condition, plaintiff and his coworker both testified that they did not hear the superintendent's warning.

Thus, there are outstanding factual issues as to whether Fisher breached its responsibility in this case. Accordingly, it is for the trier of fact to determine whether defendant's negligence proximately caused plaintiff's injuries. Concur—Mazzarelli, J.P., Saxe, Sullivan, Ellerin and Gonzalez, JJ.