■ PABLO SEDA, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents, et al., Defendant. [816 NYS2d 15]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered September 22, 2005, which granted the motion by defendants Port Authority and Koch Skanska for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff's claims based on New York's Labor Law were properly dismissed as inapplicable since they are conduct-regulating, and New Jersey, where the accident occurred, has the greater interest in regulating behavior within its borders (*see Padula v Lilarn Props. Corp.*, 84 NY2d 519, 522 [1994]; *Florio v Fisher Dev.*, 309 AD2d 694, 696 [2003]; *Webber v Mutual Life Ins. Co. of N.Y.*, 287 AD2d 369, 370 [2001]). Plaintiff has also failed to make out any claim of negligence under New York or New Jersey law. Indeed, the statements by his expert are entirely conclusory (*see Ventura v Structural Concrete Corp.*, 227 AD2d 235 [1996]; *Lynch v Galler Seven-Up Pre-Mix Corp.*, 74 NJ 146, 151, 376 A2d 1211, 1213 [1977] [insufficient proffer included expert's bald, conclusory assertions]; *Smith v Keller Ladder Co.*, 275 NJ Super 280, 285, 645 A2d 1269, 1272 [1994] [directed verdict for defendant where plaintiff's expert testified in conclusory terms about defective ladder]), and completely un-

supported by the record. Moreover, the acts of the errant operator in driving while intoxicated, at a high rate of speed, through a gap in the barricades separating his westbound lane of traffic from the eastbound lane that was closed at that time to all but construction workers, was an unforeseeable intervening act breaking the chain of causation of any alleged negligence by defendants (*see Perez v New York Tel. Co.*, 161 AD2d 191, 192 [1990]; *Cruz-Mendez v ISU/Ins. Servs. of San Francisco*, 156 NJ 556, 575-576, 722 A2d 515, 525 [1999]). Concur—Buckley, P.J., Andrias, Nardelli, Sweeny and McGuire, JJ.