■ Tomas Feris, Appellant, v Port Authority of New York and New Jersey et al., Respondents. [835 NYS2d 150]—

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered December 15, 2005, which, to the extent appealed from as limited by the brief, granted defendants' motion for summary judgment dismissing plaintiff's claims under New York Labor Law § 200 and for common-law negligence, unanimously affirmed, without costs.

Plaintiff's New York Labor Law § 200 claim was properly dismissed since the relied-upon statute is inapplicable under the facts presented. Labor Law § 200 is conduct-regulating, and New Jersey, where the accident occurred, has the greater interest in regulating behavior within its borders (see Padula v Lilarn Props. Corp., 84 NY2d 519, 522 [1994]; Florio v Fisher Dev., 309 AD2d 694, 696 [2003]; Webber v Mutual Life Ins. Co. of N. Y., 287 AD2d 369, 370 [2001]). Nor has plaintiff set forth a cognizable negligence claim under New York or New Jersey common law. To the contrary, the evidence of record establishes that while defendants had general oversight of the work's timing and quality, they did not exercise the direct supervision and control over the manner of the work's performance necessary to establish liability at common law for negligence (see Scott v American Museum of Natural History, 3 AD3d 442, 443 [2004]; Gonzalez v United Parcel Serv., 249 AD2d 210 [1998]; see also Muhammad v New Jersey Tr., 176 NJ 185, 821 A2d 1148 [2003]). In any event, plaintiff offers only unsupported speculation as to the cause of the accident (see Roman v Vargas, 182 AD2d 543 [1992]). Concur—Friedman, J.P., Marlow, Sullivan, Sweeny and Catterson, JJ.