■ WILLIAM C. OSBORN et al., Appellants, v 56 LEONARD LLC et al., Respondents. (And a Third-Party Action.) [28 NYS3d 875]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered December 16, 2014, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff William C. Osborn, a New Jersey domiciliary, was injured by an unguarded saw blade while working at a site located in New Jersey. At the time, he was aware that the part he was fabricating was going to be installed at a construction site owned and operated by defendants, located in Manhattan. After being injured, Osborne and his wife asserted several claims grounded in the New York Labor Law (*see* Labor Law §§ 200, 241 [6]). It is, however, well "settled that the protection afforded to New York employees by the Labor Law, including Labor Law §§ 200, 240 (1) and § 241 (6), has no application to an accident that occurs outside New York State, even where all parties are New York domiciliaries" (*Webber v Mutual Life Ins. Co. of N. Y.*, 287 AD2d 369, 370 [1st Dept 2001]; *see also Padula v Lilarn Props. Corp.*, 84 NY2d 519, 523 [1994, Titone, J., concurring]; *Florio v Fisher Dev.*, 309 AD2d 694, 696 [1st Dept 2003]; *cf. DaSilva v C & E Ventures, Inc.*, 83 AD3d 551 [1st Dept 2011]). Accordingly, because, inter alia, the accident undisputedly occurred in New Jersey at a site neither owned

operated nor controlled by defendants and because plaintiffs were New Jersey domiciliaries, the court properly granted defendants' motion to dismiss the complaint.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.