Ramirez-Gomez v Empire Today, LLC (2025 NY Slip Op 01248)

Ramirez-Gomez v Empire Today, LLC

2025 NY Slip Op 01248

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-02467
2023-05190
 (Index No. 702064/22)

[*1]Alejandro Ramirez-Gomez, appellant,
v
Empire Today, LLC, respondent, et al., defendant. (Appeal No. 1)
Alejandro Ramirez-Gomez, appellant,
v
Empire Today, LLC, defendant, Kennedy All Flooring, LLC, respondent. (Appeal No. 2)

Weinstock Law PLLC (Joshua M. Weinstock and Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Kevin J. Murtagh and Timothy J. Layer of counsel), for respondent in Appeal No. 1.
Clausen Miller P.C., New York, NY (Joseph J. Ferrini of counsel), for respondent in Appeal No. 2.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered March 2, 2023, and (2) an order of the same court entered May 18, 2023. The order entered March 2, 2023, insofar as appealed from, granted that branch of the motion of the defendant Empire Today, LLC, which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the cause of action sounding in common-law negligence insofar as asserted against it. The order entered May 18, 2023, insofar as appealed from, granted that branch of the motion of the defendant Kennedy All Flooring, LLC, which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action sounding in common-law negligence insofar as asserted against it.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion of Empire Today, LLC, which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the cause of action sounding in common-law negligence insofar as asserted against it is denied, and that branch of the motion of Kennedy All Flooring, LLC, which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action sounding in common-law negligence insofar as asserted against it is denied.
On January 28, 2022, the plaintiff commenced this action to recover damages for personal injuries against Empire Today, LLC (hereinafter Empire), and Kennedy All Flooring, LLC (hereinafter Kennedy). The complaint alleged that on August 28, 2021, the plaintiff was performing [*2]construction work at a property in New Jersey owned or controlled by the defendants when he was injured by a falling radiator. The complaint asserted causes of action sounding in common-law negligence and alleging violations of Labor Law §§ 200, 240(1), and 241(6). Empire interposed an answer dated May 10, 2022, and Kennedy interposed an answer dated December 1, 2022.
By notice of motion dated September 14, 2022, Empire moved pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted against it and, in effect, the cause of action sounding in common-law negligence insofar as asserted against it. By order entered March 2, 2023, the Supreme Court granted Empire's motion. The court determined that the complaint failed to state a cause of action because the plaintiff's alleged injuries arose from an accident that occurred in New Jersey.
By notice of motion dated March 13, 2023, Kennedy moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. By order entered May 18, 2023, the Supreme Court granted Kennedy's motion. The court again determined that the complaint failed to state a cause of action because the plaintiff's alleged injuries arose from an accident that occurred in New Jersey.
The plaintiff appeals from so much of the orders entered March 2, 2023, and May 18, 2023, as granted dismissal of the cause of action sounding in common-law negligence.
"In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Olsen v Butler, 227 AD3d 916, 918). "At the same time, defendants bear the burden of establishing that the complaint fails to state a viable cause of action" (Connolly v Long Is. Power Auth., 30 NY3d 719, 728).
Here, the first cause of action, liberally construed, pleads a cause of action sounding in common-law negligence (see generally Galardi v Town of Hempstead, 164 AD3d 760, 761-762; Ferrera v City of New York, 164 AD3d 754, 755). Moreover, while "the protection afforded to New York employees by the Labor Law, including Labor Law §§ 200, 240(1) and 241(6), has no application to an accident that occurs outside New York State, even where all parties are New York domiciliaries" (Osborn v 56 Leonard LLC, 138 AD3d 624, 624 [internal quotation marks omitted]; see Padula v Lilarn Props. Corp., 84 NY2d 519, 522), the inapplicability of the Labor Law to the case at bar is not a proper ground, standing alone, to dismiss the cause of action sounding in common-law negligence (see Huston v Hayden Bldg. Maintenance Corp., 205 AD2d 68, 71; see also Feris v Port Auth. of N.Y. & N.J., 40 AD3d 276, 276; Seda v Port Auth. of N.Y. & N.J., 29 AD3d 305, 305).
Accordingly, the Supreme Court should not have granted dismissal of the cause of action sounding in common-law negligence.
The parties' remaining contentions are either without merit or improperly raised for the first time on appeal.
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court